## C. D. KENNY CO. v. WILLIAMS.

Western Section. July 29, 1925.

No petition for Certiorari was filed.

1. **Appeal and error.** **Court of Appeals not bound by the transcript of a former trial.**
   Upon a subsequent appeal after retrial the court by virtue of Sections 4905, 4906, Shannon's Code is not bound by the transcript in the former trial, and when the evidence is not the same in all respects the court is not bound by its holding in the former appeal that there was no evidence to support the verdict.

2. **Negligence. Evidence held to warrant jury finding that truck driver's negligence was proximate cause of the accident.**

Evidence held to sustain the finding of the jury that truck driver was guilty of passing too close to plaintiff without giving warning and that accident was caused by driver removing his hand from the wheel to wave at a friend.

3. **Trial. Legal doubt as to conclusions to be drawn from evidence makes a question for the jury.**

If there is any legal doubt as to the conclusions to be drawn from the whole evidence upon the issues tried, the case must go to the jury.

4. **Appeal and error. Evidence is construed in favor of verdict on appeal.**

On appeal from a judgment on verdict in personal injury action, all reasonable inferences from the entire evidence are to be drawn in favor of the verdict.

5. **Negligence. Negligence of truck driver colliding with bicycle held for jury.**

Evidence held to take question of truck driver's negligence in striking bicycle to the jury.

6. **Trial. Not error to refuse instruction where it is covered in other instructions.**

In an action for personal injuries by collision of bicycle with truck, refusal to instruct that, if jury was unable to say whose negligence was proximate cause of accident, its verdict should be for defendant, held not prejudicial, where, in other instructions defining proximate cause, the jury was told that the injury complained of, to warrant recovery would have to be the direct and proximate result of defendant's negligence.

7. **Trial. Instructions. Instruction though not entirely clear held not misleading.**

In an action for injuries by collision of bicycle with truck, an instruction submitting the theories of plaintiff and defendant, and instructing as to the burden of proof on plaintiff to show defendant's negligence and the burden of proof on defendant to show contributory negligence, though not entirely clear and explicit, held not misleading and not erroneous.

Appeal in Error from Circuit Court, Shelby County; Hon. H. W. Laughlin, Judge.

Affirmed.

Lowell W. Taylor, of Memphis, for plaintiff in error.

William G. Cavett and H. S. Buchanan, both of Memphis, for defendant in error.

OWEN, J. Charles Williams, a minor about 10 years of age, and the plaintiff below, recovered a judgment against C. D. Kenny Company, a corporation. The parties will be designated in this opinion as they were in the court below, and we will refer to Charles Williams as plaintiff and C. D. Kenny Company as defendant.

This case has been argued in this court three times. A judgment for $1,000 in favor of the plaintiff was reversed by this court in an opinion delivered by Special Judge E. W. Ross at the January term, 1922, and the cause was remanded for a new trial. The judgment of this court in reversing the judgment and remanding the cause

for a new trial was affirmed by the Supreme Court. Upon the remand there was another trial, which resulted in a verdict in favor of the plaintiff for $1,000. Motion for new trial was overruled, and disallowed, proper exceptions taken thereto, and an appeal prayed and granted to this court, and it was argued in this court at the January term, 1924, but was not decided either at the January term, 1924, or the January term, 1925. It was again ably argued at the present term of this court.

The suit was instituted to recover damages for personal injuries alleged to have been inflicted on plaintiff by defendant's automobile truck running over him on Madison Avenue, in the city of Memphis. At the time of the accident, the plaintiff was riding a bicycle. Madison Street runs east and west, and the plaintiff was going east. and, while riding on his bicycle, a large truck operated by a servant of the defendant was also traveling or moving along Madison Street and going east. The declaration alleged that the driver of the truck negligently and recklessly drove too near to the said plaintiff, and drove said truck into and against said bicycle on which plaintiff was riding, thereby knocking or throwing plaintiff to the ground or pavement; that one of the wheels of said automobile truck ran over plaintiff's leg and broke and crushed the same. The defendant filed a plea of not guilty.

The defendant has assigned three errors in this court: The first is, there no evidence to support the verdict. The second is that the court erred in charging the jury; the basis of said charge being that the court instructed the jury, after giving the defendant's theory of the case, that, if the jury found from the evidence in the case the defendant's theory to be true, "and you accept the theory of the defendant as to the occurrence of said accident, and if you further find from the evidence that, if said chauffeur was guilty of no negligence that directly or proximately contributed to said accident, then you should find for the defendant and return your verdict for it." The third assignment of error complains of the court refusing to give the following special request: "If, after considering all of the evidence, you are unable to say whose negligence was the proximate cause of the accident, then your verdict should be for the defendant."

It is insisted by learned counsel for the defendant that this court, speaking through Special Judge Ross, held that there was no evidence to sustain the verdict of the jury upon the former appeal, but, as no motion had been made for a directed verdict, the cause would have to be reversed, and that the facts in the instant case are the same as the facts adduced upon the former trial, and that the opinion of this court, in stating that there was no material evidence upon the former trial, is the law of the case, and that this court is

therefore bound by the former opinion. ' The former transcript is made an exhibit to defendant's brief and assignments of error, and we are asked to read and compare the two transcripts.

We will state that we are not bound by the transcript of the former trial. This cause was reversed and a new trial ordered, and the cause was tried de novo. This is a different trial to the one had in 1921, before a different jury, and the evidence is not the same in all respects.

It is true that Judge Ross held that there was no material evidence to sustain the verdict, but we are of opinion that it was not necessary for him to so hold upon the former trial. Upon the cause being taken to the Supreme Court by certiorari, both parties filing petitions, the Supreme Court said:

"Both petitions for certiorari must be denied. We think that the Court of Civil Appeals was clearly right in reversing the judgment below on account of the misconduct of the jury for the reasons stated by·that court. Notwithstanding the Court of Civil Appeals found there was no evidence to sustain the judgment below, and committed no error in remanding the case instead of dismissing it. There was no motion for a directed verdict by the defendant below at the conclusion of all the evidence, and such a motion is absolutely necessary to procure dismissal by the court of a suit at law tried before a jury. Nashville Ry. Co. v. Henderson, 118 Tenn., 284, 99 S, W., 700.

"  . . . Since the case must be reversed and remanded for a new trial on account of the misconduct of the jury, we express no opinion as to the merits of the assignment that there was no evidence to sustain the judgment below."

In the opinion by Judge Ross, he states:

"There is conflict, slight though it may be, between the testimony for the plaintiff and that of the defendant, and is such that, if it were not for the opinion that it was impossible for the accident to have happened in the way the plaintiff contends, the court would be bound by the verdict of the jury, approved by the trial court; but we place our action, as here indicated, solely and alone upon these physical conditions as disclosed by all the evidence, for we find no testimony in the record that leads us to believe these conditions were otherwise but as stated. It is true that the plaintiff testifies that he was run into and knocked down by the driver of the truck, but can that be true from the conditions as testified to by his own witnesses? We think not, and therefore are constrained to hold that there is no evidence to support the verdict."

Learned counsel for the defendant cites Section 4906 of Shannon's Code in support of his contention that we should consider both transcripts. Said section is as follows:

"And if a cause be remanded, upon being brought up again for correction of errors, the transcript of the record previously sent up shall, together with the transcript of the subsequent proceedings in the court below, constitute a full record."

The section just quoted does not refer to and include transcripts where a cause is reversed and remanded for a new trial upon the merits. Section 4905, just· preceding the section cited and relied. upon by counsel, is as follows:

"The courts shall also, in all cases, where, in its opinion, complete justice cannot be had by reason of some defect in the record, want of proper parties or oversight without culpable negligence, remand the cause to the court below for further proceedings, with proper directions to effectuate the objects of the order, and upon such terms as may·be deemed right."

The learned author and annotator of Shannon's Code states that this section seems to have originated with the Code of 1858, and is so treated in Bank v. White, 114 Tenn. (6 Cates 62, 84 S. W., 697, and Sections 4905 and 4906 should be construed together, and refers to where a cause is remanded for some defect in the record, want of proper parties, etc.

The facts as to how the plaintiff was injured are controverted. The plaintiff testified that he was riding on Madison Street in Memphis, Tenn., going east; that he came into Madison Street from Morrison Street; that he came south on Morrison Street, until he reached Madison Street, and then turned east.

There appears to be in Madison Street, at the place' of the accident, a strip which is called "neutral," and all vehicles going east go south of the street car lines. The vehicles going west operate north of the street car tracks. The plaintiff testified that he was next to the south rail of the street car line, very close to it; that the front part of the defendant's truck, operated by a colored man, one Henry Green, passed plaintiff; that plaintiff was 10 years of age and mounted on a bicycle. He was not riding fast; the truck was going something like 8 or 10 miles per hour; that, just as the front wheel of the truck passed plaintiff, the truck struck the plaintiff's bicycle. knocked the bicycle down, throwing plaintiff under the left hind wheel of the truck, and his leg was crushed. The plaintiff testified that he did not run into the side of the truck; that his bicycle did not skid; that he did not try to catch hold of the side of the truck.

Henry Green testified that the plaintiff tried to catch hold of the side of the truck. The proof shows that the truck was covered, and the driver sat in the front part and could not have seen the plaintiff

unless he (the driver) had leaned out. The proof further shows that the operator of the truck drove too close to the plaintiff. There was an abundance of room south of the driver of the truck. The space between the street car track and the curb where plaintiff was riding, and where the truck was being operated was wide enough for three automobiles to travel abreast.

Charlie Barnett testified that he was going west, and just before the accident he spoke to Henry Green, the driver of the truck, and Henry Green "throwed up his left hand to me, and waved back to me, and by this time he was looking over there on the track where they were cleaning up paper at East End Park, and I heard a lick, the wheels crushing, or the car running over the wheels, and I looked back right quick, and by that time I saw the left rear wheel passing over the boy's body." This witness testified that the truck then headed south into the curb "kinder angling across the street." The proof shows that the truck ran about 15 or 20 feet.

Green admitted that he waved his hand at Charlie Barnett, but said he used his right hand, and waved his hand before he passed the boy. There are other witnesses who heard the crash of the bicycle as the truck struck it, and looked and witnessed the wheel of the truck passing over the boy, but they did not see the actual impact.

We are of the opinion that, on account of the driver of the truck driving so close to the plaintiff, who was riding on his bicycle, and who undertook to pass the plaintiff without giving warning, that by being in such close proximity to the plaintiff, when he could have avoided thus passing so close to the plaintiff, the jury was warranted in inferring from the testimony of the driver waving his hand at Barnett, and removing it from the steering wheel, that this caused the truck to strike the bicycle.

If there is any legal doubt as to the conclusions to be drawn from the whole evidence upon the issues tried, the case must go to the jury. Hines v. Partridge, 144 Tenn., 232, 231 S. W., 16.

All reasonable inferences from the entire evidence are to be drawn in favor of the plaintiff in this cause. Railway Co. v. Morgan, 132 Tenn., 1, 175 S. W., 1148; Railroad v. House, 96 Tenn., 552, 35 S. W., 561; Western U. Tel. Co. v. Lamb, 140 Tenn., 107, 202 S. W., 752.

We are of opinion that this was a proper case to submit to the jury, and the jury was warranted in reporting a verdict in favor of the plaintiff, and the first assignment of error is overruled.

As to the third assignment of error, in regard to special request No. 3, the trial judge gave a special request which is, in substance, the same as the one refused.

The court gave the following request, which, among other requests, were granted:

"If you find from the preponderance of the evidence that the defendant's driver was guilty of negligence, and that the plaintiff was also guilty of negligence, and that the negligence of both combined and together constituted the proximate cause of the accident, then the plaintiff's negligence, however slight, will bar a recovery, and your verdict should be for the defendant."

We are of the opinion that the defendant was not prejudiced by the refusal of the court to give the special requests complained of because he had told the jury that, in defining proximate cause, the injury complained of would have to be the result of the direct and proximate cause of defendant's negligence. The court (as found on pages 175 and 176 of the transcript, after relating the plaintiff's theory as to how the injury occurred) said:

"Now, gentlemen, if you find these alleged facts to be true from the preponderance of the evidence in the case, and if you further find from the preponderance of the evidence that its chauffeur, in operating said truck, was not in the exercise of due care, but was guilty of negligence, and if you further find that this negligence directly and proximately contributed to said truck being run upon, across or over the plaintiff, and to the plaintiff's resultant injury, then you should find for the plaintiff, and should return your verdict for him."

The third assignment is overruled.

As to that portion of the charge complained of, made the basis of assignment No. 2, immediately following the portion of the charge complained of, which we have heretofore set out in this opinion, we find the following in the charge as appears on page 177 of the transcript:

"Under its plea of not guilty, gentlemen, the defendant has set up the defense of contributory negligence. Contributory negligence is defined as the want of ordinary and reasonable care upon the part of the person injured which concurs with the want of ordinary and reasonable care on the part of the defendant to produce the injury.

"Now the court has charged you hereinbefore that the plaintiff must make out his case by the preponderance of the evidence. The court now charges you that the defendant must make out this defense of contributory negligence by the preponderance of the evidence, with this exception: If you find from the evidence of the plaintiff and his witnesses that the plaintiff was guilty of contributory negligence, then the burden of showing contributory negligence does not devolve upon the defendant in order to make out its defense of contributory negligence.

"Under its plea of contributory negligence, the defendant contends that the plaintiff either turned or rode his bicycle into its truck as its truck was passing him, or that he reached for or attempted to grab the truck for the purpose of having it pull him along without the necessity of pedaling his bicycle. Now if you find these alleged facts to be true from the evidence of the plaintiff and his witnesses, or from the preponderance of the evidence in the case, and if you further find that in doing either one of those things—that is, in riding into the truck, or in reaching to grab for it and missing his hold—the plaintiff was not in the exercise of due care for his own preservation, but was guilty of negligence, and if you further find that his negligence in one, or either one of these particulars directly and proximately contributed to his alleged injury, then you should find for the defendant on its said defense of contributory negligence, and return your verdict for it."

In support of this assignment, counsel for the defendant relies upon the case of Railway & Light Co. v. Dungey, 128 Tenn., 587, 163 S. W., 802, In that case the trial judge, after submitting the theory of the defendant, used this language:

"If the preponderance of all the evidence shows to you that this is the truth of the case, then your verdict must be in favor of the defendant."

Said the Supreme Court:

"The criticism made of the court's charge above quoted is that by it the court, in substance, said to the jury: I have stated to you what the defendant says is the truth about this occurrence. If the preponderance of all the evidence shows to you that this is the truth of the case, then your verdict must be in favor of the defendant company."

The Supreme Court held that the burden of showing the jury the truth of the defendant's theory was placed upon the defendant in respect to how the collision occurred.

In the instant case the trial judge did not put any burden upon the defendant to prove its theory, and did not use the word "preponderance," "by a preponderance of the evidence," as was used in the Dungery Case. In the Dungery Case, supra the Supreme Court said the case turned upon a sharp conflict of fact; the plaintiff's theory being that the car ran against the left-hand rear wheel of plaintiff's ice wagon, and the defendant's theory being, as disclosed by its evidence, that the ice wagon was backed against the side of the car, when two-thirds of the body of the street car had passed the wagon in safety, and while the motorman was in the exercise of ordinary care.

We are of the opinion that, in the instant case, the language used by the trial judge is distinguished from the language used by the trial judge in the Dungey Case. In relating the defendant's theory and stating that, if the defendant's theory were true, it was stating a question of fact for the jury as to whether there should be a recovery, and the defendant's theory, if true, precluded a recovery as a matter of law, it was not, as a matter of fact, to tell the jury that, if the defendant's theory was true, and there was no negligence on the part of the defendant, there could be no recovery, because this was a true statement.

While the trial judge might have been more clear and explicit in the statement complained of, yet, taking the charge as a whole, we are of the opinion that there is no reversible error; that the theory of the plaintiff and the theory of the defendant were both submitted to the jury, and the jury was not misled in the charge of the court, and his statement of the law governing the case and his statement of the two theories, was not misunderstood by the jury.

It results that the second assignment of error is overruled and disallowed. We are of opinion that the merits of this case have been reached. The jury has settled the conflict of the evidence in favor of the plaintiff. The jury had the benefit of seeing the witnesses, and hearing them testify, and giving such weight and credit to each witness as the witness deserved or was entitled to. This verdict was the second one in favor of the plaintiff, has been approved by the trial judge, and we are of the opinion that it should be affirmed by this court. It results that the judgment of the lower court is affirmed; that the plaintiff will recover of the defendant the amount of the judgment rendered in the lower court, with interest thereon from the date it was rendered, and all the costs thereon, for which execution will issue. Execution will issue against defendant and surety on appeal bond for the costs of the appeal.

Clark and Heiskell, JJ., concur.