# MRS. LOUISE GRIFFIN LOKEY, Appellant, v. ELIZABETH JEANNE GRIFFIN et al., Appellees.
## —322 S. W. (2d) 239.

Western Section, Jackson. July 29, 1958.

Certiorari denied by Supreme Court December 12, 1958.

238

W. C. Rodgers, Memphis, for appellant.

Marvin H. Hawks, James R. Winchester, Memphis, for Clarence L. Griffin, appellee.

Frank B. Gianotti, Jr., Memphis, for City of Memphis and Mrs. Clara Schneller, Probation Officer of Juvenile Court of City of Memphis.

Charles M. Crump, Memphis, amicus curiae.

CARNEY, J. This case involves the custody of two minor children of the appellant, Mrs. Louise Griffin Lokey, and her former husband, the appellee, Clarence L. Griffin. . The two children are Elizabeth Jeanne Griffin aged 7 and Stephen Leroy Griffin aged 5.

Mrs. Lokey appeals from a decree of the Circuit Court of Shelby County of date February 28, 1958. Under the terms of this decree the children were adjudged to be dependent children within the meaning and purview of Section 37-242 of the Tennessee Code Annotated and they were placed with their father, Clarence L. Griffin, for parental care and control. In addition, the cause was remanded to the Juvenile Court of Memphis, Tennessee, for the enforcement of said judgment as required by T. C. A. Section 37-273.

This cause has been before this court before and a resume of the litigation prior to the decree of the Circuit Court of date February 28, 1958 is as follows:

On January 28, 1957, the Municipal Juvenile Court of the City of Memphis entered an order reciting that neither the father, Clarence L. Griffin, nor the mother, Louise Griffin Lokey, had given proper care and guardianship to said children and that they had not acted to the best interest and welfare of said children. This order declared the two children, Elizabeth Jeanne Griffin and Stephen Leroy Griffin, to be dependent children within the meaning of T. C. A. Section 37-242, sub-section 4, and made them wards of the Juvenile Court. This order then provided for a divided custody of said children between the father and mother as follows:

"Be it further decreed that said children be released to live with their father, Clarence Griffin, and

his present wife, Opal, wherever he may be stationed within the United States until May 15, 1957, or until further orders of this Court; provided that father's home will be and continues to be approved by a licensed agency in Colorado.

"Be it further decreed that on May 15, 1957, said children will be returned to the jurisdiction of this court at the expense of the father and will be released to the mother, Louise Griffin (Lokey) from May 15, 1957 until August 30, 1957 or until further orders of this court; provided the personal conduct and the environment of the mother's home is approved by this Court.

"Be it further decreed that the father, Clarence Griffin, will execute the necessary papers with the government of the United States that the allotment for said child be paid to the Juvenile Court of Memphis to be disbursed by the bonded clerk of this Court to whomever has the care of said children; and that the mother, Louise Griffin (Lokey) will endorse and pay to the Juvenile Court of Memphis any check received by her as the allotment for said children after the January 1957 check.

"Be it further decreed that the jurisdiction of said children is and will remain with the Juvenile Court of Memphis for further orders, the interest and welfare of said children demanding it.

Elizabeth McCain,
_____
Elizabeth McCain, Judge"

Mrs. Lokey, the mother of the children, appealed from the judgment of the Juvenile Court to the Circuit Court of Shelby County and a trial was had de novo as provided by T. C. A. Section 37-273 upon oral testimony before the judge without a jury.

On May 9, 1957, the Circuit Court of Shelby County entered a decree also finding that the children were dependent children within the meaning of Chapter 177, Public Acts of 1955 (T. C. A. Section 37-242).

The concluding portion of said decree of May 9, 1957, was as follows:

"It Is Therefore Ordered, Adjudged and Decreed that the Order of the Honorable Elizabeth McCain, Judge of the Juvenile Court of the City of Memphis, Tennessee, entered January 28, 1957, declaring Elizabeth Jeanne Griffin and Stephen Leroy Griffin dependent children and making them wards of that Court be and the same is hereby affirmed and the cause remanded to that Court for further orders, the interest and welfare of the children requiring, * * *,"

The mother, Mrs. Lokey, perfected her appeal to this court from this decree of date May 9, 1957, and made four assignments of error:

Assignment of error No. 1 assailed the action of the Trial Court in approving the decree of the Juvenile Court in awarding major custody of the children to the father who was out of the state and beyond the jurisdiction of either the Juvenile Court or Circuit Court of Shelby County, Tennessee.

Assignment of error No. 2 insisted that the Juvenile Court was without jurisdiction to determine the custody of the two children as between the mother and father.

Assignment of error No. 3 was as follows:

"That Court erred in sanctioning the action of the Juvenile Court in finding and holding that the home of the mother was an unfit and undesirable place for said children, or that there was in reality, an immoral environment, such as made said children dependent and neglected as defined by Section 37-242, sub-section 4, T. C. A., or any other statute or laws of this state."

Assignment of error No. 4 insisted that the Circuit Court was in error in decreeing that the father, Clarence Griffin was a fit, suitable or desirable custodian of said children.

This court in an opinion filed of record on December 11, 1957, considered each and every one of these assignments of error and overruled them.

After overruling the four assignments of error this statement appears in our opinion:

"However, it appears to us that the cause must be reversed and remanded to the Circuit Court of Shelby County, Tennessee, for further proceedings * * *"

Upon the reading of T. C. A. Section 37-273 this court was of the opinion that upon an appeal from the action of the Juvenile Court the Circuit Court was required to make an independent adjudication of the custody or disposition of said children and that it appeared to this

court that His Honor the Trial Judge had failed to do so but had simply remanded the cause to the Juvenile Court for further orders in regard to the care and custody of said minor children.

The concluding portion of our opinion of December 11, 1957, was as follows:

"In our opinion this was error and His Honor the Trial Judge was required by the statute under a trial de novo to make an adjudication for such disposition of said minor children as appeared to him necessary and proper from all the facts and circumstances then obtaining. We construe the statute to mean that this adjudication must be made by the Circuit Judge upon an appeal and that he cannot delegate this authority to the judge of the Juvenile Court.

"Accordingly, the cause will be remanded to the Circuit Court of Shelby County for decree by the Circuit Court concerning the disposition of said children in accordance herewith. After the entry of said decree the cause will be remanded to the Juvenile Court for enforcement of the judgment of the Circuit Court as provided by T. C. A. Section 37-273.

"The costs of this cause will be taxed one-half against the appellant, Mrs. Lokey, and one-half against the appellee, Clarence Griffin."

A final decree on said opinion was entered in this court as follows:

"Mrs. Louise Griffin Lokey

Vs

"Elizabeth J. Griffin et al

"Final Decree

"In conformity to an opinion of this Court, heretofore filed in this cause, on December 11, 1957, it is ordered that the Decree of the Trial Court, Division II, of the Circuit Court of Shelby County, Tennessee, be, and the same is, hereby, reversed, as provided therein, and that said cause be, and the same is, hereby, remanded to the Second Division of the Circuit Court of Shelby County, Tennessee for entrance of Decree herein in conformity to the opinion of this Court, aforesaid.

"The costs of the cause will be divided between the parties, for which execution may issue.

"OK

"W. C. Rodgers
 "for appellant Lokey

"OK

"F. M. Graves, Jr.
 "for City of Memphis

"OK James R. Winchester
 "for Clarence Griffin"

The cause was remanded to the Circuit Court of Shelby County and the Circuit Court on February 28, 1958, heard additional proof and entered the decree appealed from in this cause.

Said decree is as follows:

"In The Circuit Court of Shelby County, Tennessee

| | |
|---|---|
| "In The Matter Of Elizabeth Jeanne Griffin and Stephen Leroy Griffin, Minors<br><br>"Mrs. Louise Griffin Lokey<br>　　　　　　　　Respondent<br>Vs.<br>Elizabeth J. Griffin, et al<br>　　　　　　　　Respondents | No. 74709 |

"Order Disposing of Cause

"This cause came on to be heard on motion of the respondent, Clarence L. Griffin, for an Order disposing of this cause in conformity with the Opinion and Decree of the Court of Appeals of Tennessee heretofore rendered in this cause, and it appearing to the Court from the testimony of the said Clarence L. Griffin, Mrs. Opal Griffin, Mrs. C. L. Griffin, Sr., Captain Joseph A. Wyatt, U. S. A. F., Mrs. Anne Moore, and Mrs. Clara Sneller on behalf of the respondent, Clarence L. Griffin, and the testimony of the respondent, Mrs. Louise Griffin Lokey, Mrs. Bertha Siler, and Mrs. Louise Scales on behalf of the respondent, Mrs. Louise Griffin Lokey, and upon consideration of all of which and of the entire record in this cause, the Court is of the opinion that the minor children of the respondents, Elizabeth Jeanne Griffin, age 7, and Stephen Leroy Griffin, age 5, are dependent children within the meaning and purview of Section 37-242 of Tennessee Code Annotated, and it further

appearing to the Court that their father, Sgt. Clarence L. Griffin has been transferred from the State of Colorado by the U. S. Air Force and is now living in Memphis, Tennessee and is maintaining an adequate and proper home for the care of these children in the City of Memphis, Tennessee and that he is financially and otherwise ready, willing and able to provide a proper home for these children and from all of the facts and circumstances appearing from the entire record in this cause the Court is of the opinion that the children should now be placed in the custody of their father and that the cause should be remanded to the Juvenile Court of the City of Memphis, Tennessee for the enforcement of this Judgment and for future jurisdiction of this cause, the children having been declared dependent children and subject to the supervision of the Juvenile Court of the City of Memphis, Tennessee. And it further appearing to the Court that the children being placed with their father that he should be relieved of making monthly support payments for them.

"It Is Therefore Ordered, Adjudged and Decreed That Elizabeth Jeanne Griffin and Stephen Leroy Griffin are dependent children and that they be and they are hereby placed with their father, Clarence L. Griffin, for parental care and control.

"It Is Further Ordered, Adjudged and Decreed That the said Clarence L. Griffin be and he is hereby relieved of making monthly support payments for said minor children.

"It Is Further Ordered, Adjudged and Decreed That this cause be and the same is hereby remanded

to the Municipal Juvenile Court of the City of Memphis, Tennessee for enforcement of this judgment and for future jurisdiction of this cause.

"It Is Further Ordered, Adjudged and Decreed that the costs of this proceeding be and the same are hereby adjudged against the parties equally for which execution may issue.

"To all of which the respondent, Mrs. Louise Griffin Lokey, excepts.

"This 28th day of Feby, 1958.

"/s/ John W. Wilson

Judge"

The custody of the children had been in litigation since January, 1957, and during all this time the children had been living with their mother.

On March 10, 1958, the Juvenile Court of Shelby County, pursuant to the order of the Circuit Court of Shelby County of date February 28, 1958, entered orders awarding the custody of said two minor children to their father, Clarence L. Griffin, for parental care and control subject to further orders of the Juvenile Court.

The decree of the Juvenile Court contained the following provisions concerning visiting privileges on the part of the mother:

"It Is Further Ordered, Adjudged and Decreed That the mother, Mrs. Louise Griffin Lokey, be allowed reasonable visiting privileges with said child, such privileges to be arranged for the best interest and welfare of said child under the supervision of

Clara Schneller, Probation Officer of the Municipal Juvenile Court of Memphis.''

A separate order was entered for the custody of each minor child.

The appellant, Mrs. Louise Griffin Lokey, and her counsel were present in the Juvenile Court and protested the entry of the orders of date March 10, 1958. Over her objections the children were taken from her and given to the father, Clarence L. Griffin, in whose custody they have been continuously until the present time.

Immediately after the entry of the orders of date March 10, 1958, and after the children were taken from the appellant, Mrs. Lokey, she filed in the Juvenile Court a written petition setting out the history of the litigation and praying as follows:

''She therefore prays that this Honorable Court will allow her to keep said children, under its supervision, with the right in the father to see, be with and have said children in his home, at reasonable periods, but that she be continued as the custodian of said children, this being manifestly to their best interest and welfare, and for such other general or specific relief as this Court may find her to be entitled.

''In duty bound she will ever pray, etc.

''Respectfully submitted,

''Petitioner''

No further action has been taken in the Juvenile Court on said petition filed by Mrs. Lokey.

On March 19, 1958, the appellant, Mrs. Lokey, made application to the Circuit Court of Shelby County for an appeal from the decree of date February 28, 1958, and by order of date March 28, 1958, the appeal was granted and the appellant allowed time within which to file her bill of exceptions and perfect her appeal.

Petition for Writs of Certiorari and Supersedeas—On March 28, 1958, the father, Clarence L. Griffin, filed with Judge L. D. Bejach of this court a petition for writs of certiorari and supersedeas setting out the history of the litigation and averring that the appellant, Mrs. Lokey, did not have authority to and should not be permitted to appeal from the decree of the Circuit Court of Shelby County of date February 28, 1958.

To this petition Judge Bejach issued the following fiat:

"To The Clerk At The Court of Appeals At Jackson:

"Issue notice that application for the writ of certiorari and supersedeas as prayed for will be heard by the Western Section of the Court of Appeals on Monday, May 5, 1958; the children involved in this cause to remain, in the meantime, in the custody of and under control of the Juvenile Court of Memphis, Tennessee.

"This the 28th day of March, 1958.

"L. D. Bejach, Judge"

The mother, Mrs. Louise Griffin Lokey, filed a motion in this court to dismiss the petition. Argument was had and on May 7, 1958, an order was entered in this court denying the petition of the father, Clarence L. Griffin, for the writs of certiorari and supersedeas.

The order further recited that the appeal as granted by the Circuit Court from the decree of date February 28, 1958, would be considered when perfected and that the cause would be advanced on the docket of this court in order that it might be held at the earliest date.

Inasmuch as considerable question was raised in the argument as to the proper interpretation and construction of Sections 37-242 through 37-274, pertaining to Juvenile Courts, this court requested Hon. Charles M. Crump to appear and file a brief as amicus curiae which he has done.

Petition for Mandamus — On May 23, 1958, the mother, Mrs. Louise Griffin Lokey, filed in this court a petition for a writ of mandamus averring that upon the perfection of her appeal, the decree of the Circuit Court of Shelby County of date February 28, 1958, awarding the children to the father was vacated and that also the order of the Juvenile Court of date March 10, 1958, enforcing said decree was vacated and that she was entitled to have the custody of said children pending the appeal and praying that the writ of mandamus issue requiring the said Clarence L. Griffin and the Juvenile Court to surrender said children to her.

On May 29, 1958, Clarence L. Griffin filed a motion to dismiss the petition for mandamus. Answers to the petition also have been filed by the father, Mr. Griffin, by the Juvenile Court as well as the City of Memphis.

The argument on the appellant's appeal and also her petition for mandamus were heard jointly by this court on Thursday, June 19, 1958.

Mrs. Lokey's assignment of error No. 1 to the decree of the Circuit Court of date February 28, 1958, is as follows:

"The Trial Court erred in declaring the two minor children involved 'dependent' without any evidence of any nature to this effect."

It is to be noted that when the cause was heard by the Circuit Court of Shelby County upon the remand, the Trial Judge confined the evidence to matters concerning the custody of the children and further restricted such evidence to matters relating to the change in situation of the mother and father since the former hearing in the Circuit Court on May 9, 1957. The Trial Court did not admit any evidence or questions concerning the dependency of the children.

It is the contention of solicitor for appellant, Mrs. Lokey, that the final decree entered of record in this cause pursuant to our opinion of December 11, 1957, was effective to reverse the case in all particulars and to remand the same for a new trial on all issues and that therefore, since the Trial Judge did not hear any evidence concerning dependency there is no valid adjudication that the children are dependent.

He cites in support of this contention the case of C. D. Kenny Company v. Williams, 1 Tenn. App. 134, 137 and 138. We are of the opinion that the Kenny case is not in point or controlling of the case at bar. In the Kenny case there had been a reversal and a remand of a tort case for a new trial on the merits. Upon the second trial there was a verdict in favor of the plaintiff and upon appeal from the second judgment our court properly held that it was not bound by the transcript of the former

trial because upon the new trial there had been a different jury and the evidence differed in some respects. Hence we see no similarity at all between the facts of the Kenny case and the facts of the present case.

■ The opinion of this court of date December 11, 1957, was incorporated by reference into the final decree. Even though a written opinion is not actually incorporated into a final decree, our Tennessee Supreme Court has held that in seeking to ascertain the scope and effect of such decree, the court may look to and consider the written opinion upon which said decree was based. State v. Bank of Commerce, 96 Tenn. 591, 36 S. W. 719.

■■ In either case our opinion of December 11, 1957, showed clearly that this court expressly adjudicated the questions of the dependency of the children and the jurisdiction of the Juvenile Court against the contentions of the appellant, Mrs. Lokey, and in effect, affirmed the action of the Trial Court on these questions.

Counsel for the appellant, Mrs. Lokey, very forcefully insists that the result of our opinion and decree of December 11, 1957, was to reverse the judgment of the Circuit Court in all respects and to remand it for a new trial on all issues. We do not think the opinion is subject to any such interpretation nor do we think it was ambiguous.

The Trial Court had affirmed the judgment of the Juvenile Court as to dependency and ordered the cause remanded to the Juvenile Court for a determination as to custody. We reversed and remanded the cause to the Circuit Court, not for a trial on all issues, but for the one purpose—to have the Trial Judge make an independent adjudication of the custody of said children as

required by T. C. A. Section 37-273. Such procedure is authorized and directed by T. C. A. Section 27-329.

The Trial Judge correctly interpreted our opinion and the decree of December 11, 1957, upon the remand and we hold that he correctly and properly refused to hear any evidence concerning the matter of dependency of the children.

■ Solicitor for Mrs. Lokey also insists very vigorously that the proceeding before the Trial Judge upon the remand constituted a new, separate and independent trial and that any judgment entered by the Trial Judge upon such proceedings would be limited to the evidence produced upon said hearing. With this we must respectfully disagree. The proceedings before the Trial Judge on February 28, 1958, were supplemental to the original proceedings and the Trial Judge properly had before him for consideration the entire record made in the original trial including the opinion and decree of this court of date December 11, 1957.

■ By the same token all of the pleadings, the transcripts of the evidence, all of the decrees entered by the lower courts and by this court and all other briefs, arguments, petitions, et cetera filed of record in this cause are before this court on this appeal as one cause and one complete record. See Carmack v. Fidelity Bankers Trust Co. (1944) 180 Tenn. 571, 177 S. W. (2d) 351; T. C. A. Section 27-330.

Therefore, we find no merit at all in assignment of error No. 1 and it is respectfully overruled.

Assignment of error No. 4 complains that the court was in error in refusing to permit the appellant to cross-examine Mr. Griffin concerning his alleged neglect and

abandonment of his children and failure to visit them during a period prior to the time the proceedings were originally instituted in the Juvenile Court to declare the children dependent. These very same matters had been litigated and brought out in evidence in the proceedings on the first hearing before His Honor the Trial Judge on May 9, 1957.

█ We think it was a matter of discretion with the Trial Judge as to whether or not he would admit evidence and allow additional cross-examination concerning these same matters on this second hearing upon the remand to determine the custody of these children. Assignment of error No. 4 is respectfully overruled.

Assignments of error 2, 3, 5 and 6 assail the action of the Trial Judge in giving the custody of these two children to the father and in failing to give the custody to the mother, the appellant, Mrs. Lokey.

In considering these assignments of error and the action of the Trial Judge in awarding custody upon the remand it is necessary for us to remember that at the time of the hearing upon the remand by the Trial Judge the children had been adjudicated to be dependent children within the meaning of T. C. A. Section 37-242 and this adjudication had become final.

T. C. A. Section 37-258 is as follows:

"37-258. Commitment of neglected child to custody of person or institution.—When any child shall be found to be a dependent and neglected child as defined in sec. 37-242, the court may make an order committing the child to the custody of some suitable state institution, some suitable person, some licensed child caring agency, or the department of public

welfare. The court may thereafter set aside, change, or modify such order. The court may, when the health or condition of the child shall require it, cause the child to be placed in a public or private hospital or institution licensed by the department of public health for treatment. (Acts 1955, ch. 177, sec. 17.)''

█ The effect of this act of the Legislature is to vest in the State of Tennessee as parens patriae a right to the custody of said children superior to the right of either parent.

In the case of State ex rel. v. West, 1918, 139 Tenn. 522, at page 528, 201 S. W. 743, 745, in upholding the validity of Juvenile Courts our Supreme Court of Tennessee said as follows:

''These courts were established for the protection of our children, and are expressly authorized to remove delinquent or dependent children from unfavorable surroundings and adjudicate their proper custody, and separate them from their parents when such action appears to be for the best interests of the child. The jurisdiction conferred on these tribunals in such matters is ample.''

Under the authority of Section 37-258 the Juvenile Court of Memphis, Tennessee, had made an adjudication on January 28, 1957, committing the children to the care of their father a part of the time and to their mother a part of the time.

█ Under the provisions of Section 37-273 any order of the Juvenile Court making disposition of a child is subject to a review by an appeal to the Circuit Court where a trial is to be had de novo. This was done in the present case.

■ When the proceedings were had upon the remand before the Circuit Judge on February 28, 1958, the real parties in interest were the State of Tennessee acting by and through the Juvenile Court on one hand and on the other hand the parents, who were each asking for the care of these two minor children. Marmino v. Marmino, 34 Tenn. App. 352, 238 S. W. (2d) 105.

In this state of the record the Trial Judge heard evidence and gave judgment for the disposition of the children.

A review of the evidence heard before the Trial Judge shows that the father is a Tech-Sergeant in the Air Force being now stationed in Memphis, Tennessee, and that he will in all probability remain stationed in Memphis for the next year; that he probably will not be sent overseas within the next two or three years.

His wages are approximately $350 per month from the Air Force and in addition he supplements his wages by earning approximately $90 per month working on Saturdays and off hours at a grocery store. He and his present wife have one child who was six weeks of age at the time of the hearing on February 28, 1958.

The wife of Sergeant Griffin testified in court that she felt able and was very willing and anxious to accept the additional care and custody of the two minor children.

The grandmother, Mrs. C. L. Griffin, Sr., testified that her daughter-in-law was a good housekeeper and that the son and his wife appeared to be devoted to each other and very congenial and that the entire family thought well of Sergeant Griffin's present wife.

A neighbor, Mrs. Moore, testified that Mrs. Griffin was a good housekeeper and that she thought highly of both Sergeant Griffin and Mrs. Griffin and that she thought Mrs. Griffin was capable of looking after and caring for the two children as well as her own 6 weeks old child.

Mrs. Schneller, Probation Officer of the Memphis Juvenile Court, testified that the home of Sergeant Griffin was in a good community near East High School which was an excellent school.

The mother, Mrs. Lokey, testified that she lived in a comfortable five-room home in a good residential section of Memphis; that her home was well-furnished and that her yard was fenced so that the children could play without getting in the street; that she had a third child by her present husband, Mr. Lokey, against whom she then had pending a suit for separate maintenance and support because of his habitual drinking; that her income consisted of $25 a week from alimony pendente lite and $90 allotment check per month from Sergeant Griffin for the support of the two children whose custody is in controversy out of which she netted $85.50 after payment of the Clerk's commission. Mrs. Lokey further testified that the little girl had never missed a day from school; that both children were well cared for and that both of them went to Sunday School and Church each Sunday.

A Mrs. Siler, a sister and next door neighbor of Mrs. Lokey, testified that Mrs. Lokey's home was well-furnished and well-kept and that the children were kept clean and were carried to Sunday School and Church every Sunday.

A Mrs. Scales testified that she formerly worked with Mrs. Lokey for the telephone company and that Mrs. Lokey was a good mother.

The Trial Judge saw and heard the parties and their witnesses upon the witness stand and he came to the conclusion that at the present time it is to the best interest of said minor children that they be committed to the care of their father for their care, custody and support and maintenance. It is to be noted that this commitment is not for any definite period of time.

 In our opinion the evidence does not preponderate against the finding of the Trial Judge and therefore, the assignments of error must be overruled and the action of the Trial Judge affirmed. T. C. A. Section 27-303.

We think it unnecessary and improper to rule upon the insistence of the appellees that Mrs. Lokey waived her right to appeal from the decree of the Circuit Court of date February 28, 1958, by filing her petition of date March 10, 1957, in the Juvenile Court asking for custody of said children and said question is expressly pretermitted in this opinion.

 Petition for Mandamus—In our opinion the petition filed by Mrs. Lokey seeking writ of mandamus requiring the Juvenile Court and the father, Clarence L. Griffin to surrender custody of the children to her pending the outcome of her appeal must be denied. The adjudication of the dependency of the children and therefore the jurisdiction of the Juvenile Court over the children became final and binding against Mrs. Lokey when she failed to file a petition for certiorari to the Supreme Court within the time allowed by law after the

decision of this court of date December 11, 1957. Thereupon the legal right to the custody of said children passed immediately to the State of Tennessee acting by and through the Juvenile Court under the authority of T. C. A. Section 37-258.

When the parties appeared in open court before the Circuit Judge on February 28, 1958, for the supplemental hearing upon the remand, the State of Tennessee, as parens patriae, acting by and through the attaches of the Juvenile Court, had a right to the custody of said children superior to that of either the father or the mother. As of that date if the attaches of the Juvenile Court had requested it, His Honor the Trial Judge would have been bound to have ordered the children surrendered to the Juvenile Court by the mother before the hearing was begun under the authority of the opinion and decree of this court of date December 11, 1957. The petitioner, Mrs. Lokey, kept the custody of said children during the hearing and until March 10, 1958, only by the tacit or implied permission of the Juvenile Court.

Hence, the legal effect of the order of February 28, 1958, by the Circuit Judge was to order custody of the children surrendered not from the mother to the father but surrendered from the State of Tennessee to the father.

When the petitioner, Mrs. Lokey, legally perfected her appeal from the order of February 28, 1958, the result was to vacate said decree but the appeal did not operate to restore to Mrs. Lokey a legal right to custody which had been legally divested out of her by the final decree and opinion of this court of date December 11, 1957.

Thus we must hold that pending the final disposition of the appeal of Mrs. Lokey the right to legal custody of the children remained in the State of Tennessee acting through the Juvenile Court and she had no right to maintain the petition for mandamus and the same is rspectfully denied.

We think it unnecessary to decide whether the orders of date March 10, 1958, entered by the Juvenile Court pursuant to authority of the decree of the Circuit Court of date February 28, 1958, were also vacated upon the perfection of Mrs. Lokey's appeal from the judgment of the Circuit Court of date February 28, 1958. Mrs. Lokey would not be entitled to custody of the children in either event.

It does not appear that T. C. A. Section 37-251, relied upon by the appellees, is applicable to the case at bar at this stage of the proceedings and therefore we do not deem it proper to render a construction of said section in this opinion though expressly requested so to do by the solicitors for the City of Memphis and the officials of the Juvenile Court.

This court expressly approves the action of the Trial Judge in providing in the decree of February 28, 1958, that the cause be remanded to the Juvenile Court for enforcement of the decree of date February 28, 1958, and "for future jurisdiction of this cause."

T. C. A. Section 37-263 is as follows:

"37-263. Continuing jurisdiction over child. — When jurisdiction has been acquired under the provisions of this chapter over a child, except as is provided in secs. 37-260 and 37-261, such jurisdiction

shall continue for the purposes of this chapter, until the child shall have attained its majority. Whenever a child is adjudged a dependent and neglected, or an abandoned or a delinquent child under the provisions of this chapter, the court may in its discretion retain jurisdiction and control of such child, in accordance with the provisions of this chapter, until he or she shall have reached the age of twenty-one (21) years. In no case shall a child be committed by a juvenile court beyond the age of twenty-one (21) years. (Acts 1955, ch. 177, sec. 22.)''

A reading of this section along with Section 37-258 copied above indicates clearly that it was contemplated that the status of children brought within the protective custody of the Juvenile Court would probably change from time to time and modifications of the orders for their custody and support from time to time would be necessary.

Therefore, we hold that at any time and from time to time before the children become 21 years of age the Juvenile Court will have authority on its own motion or upon the petition of any interested party or parties to change and modify the decree adjudging the care, custody and support of said children entered in the Circuit Court of date February 28, 1958, affirmed hereinabove.

■■■ Of course, any future order made by the Juvenile Court of Shelby County concerning the care, custody and support of these children or either of them will be subject to review by appeal to the Circuit Court of Shelby County as provided by T. C. A. Section 37-273.

A decree will be entered in this cause affirming the judgment of the Circuit Court of Shelby County of date

February 28, 1958, dismissing the petition of appellant for writ of mandamus and remanding the cause to the Circuit Court of Shelby County. After entry of appropriate orders on the procedendo from this court the cause will then be remanded from the Circuit Court of Shelby County to the Juvenile Court of Shelby County as provided herein. The appellant, Mrs. Lokey, is taxed with the costs of this appeal.

Avery, P. J. (Western Section), and Bejach, J., concur.