FILED

08/30/2018

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 1, 2018

## IN RE BRIAN G., ET AL.

**Appeal from the Juvenile Court for Stewart County**
**No. 81JC1-2015-DN-8     G. Andrew Brigham, Judge**

_____

### No. M2017-01586-COA-R3-JV

_____

Father appeals from an order of the juvenile court awarding permanent guardianship following an adjudication of dependency and neglect. Father filed his notice of appeal to this Court twenty-eight days following the trial court's order. Because Father's appeal was to circuit court and his notice of appeal was not filed within ten days of the trial court's order, we dismiss this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

J. STEVEN STAFFORD, P. J., W.S., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S. and JOHN W. MCCLARTY, J., joined.

James R. Potter, Clarkville, Tennessee, for the appellant, Brian G., Sr.

Herbert H. Slatery, III, Attorney General and Reporter; Andreé S. Blumstein, Solicitor General; Kathryn A. Baker, Assistant Attorney General, for the appellee, State of Tennessee, Department of Children's Services.

Crystal Morgan, Ashland City, Tennessee, Guardian ad Litem.

### OPINION

### Background

This case involves the guardianship of one child, Brian G., Jr. ("Brian" or "the child"), born in September 2007.[1] The parents of Brian are Shauntell C. ("Mother") and Appellant Brian G., Sr. ("Father"). On October 9, 2015, the Stewart County Juvenile

_____

[1] This Court has a policy of protecting the identity of children in dependency and neglect cases by initializing their last names and those of their parents.

Court ("the trial court") entered an order finding clear and convincing evidence that the child was dependent and neglected.[2] As such, the trial court granted temporary legal and physical custody of the child to the Tennessee Department of Children's Services ("DCS").

On June 15, 2016, DCS filed a motion in the dependency and neglect action to award permanent guardianship of the child to his foster parents, Billy M. and Tonya M. (together, "Foster Parents"). A hearing on the motion was held on June 26, 2017. Father and his counsel were present for the hearing. After hearing the proof, the trial court announced that it would take the matter under advisement. On July 12, 2017, the trial court entered a detailed order awarding permanent guardianship of the child to Foster Parents. Father filed a notice of appeal to this Court on August 9, 2017. On August 17, 2017, Father filed a motion in the trial court under the auspices of Rule 52.01 of the Tennessee Rules of Civil Procedure; therein, Father requested that the trial court make additional findings with regard to DCS's duty of reasonable efforts. DCS responded in opposition to the motion, arguing that it was procedurally improper. The trial court eventually denied the motion. In particular, the trial court ruled that it retained jurisdiction to consider Father's motion, but that Father failed to show that he was entitled to relief under Rule 310 of the Tennessee Rules of Juvenile Practice and Procedure.

## Issues Presented

Father raises a single issue in this appeal: whether the trial court erred in granting permanent guardianship of the child to Foster Parents. DCS raises an additional issue: whether this Court lacks jurisdiction to adjudicate this appeal. Based on the foregoing, we conclude that this Court lacks subject matter jurisdiction over this matter; we therefore dismiss Father's appeal.

## Discussion

Both Father and the guardian ad litem confine their arguments in this case to the substantive merits of the award of permanent guardianship. DCS, however, raises an additional argument: that this Court lacks subject matter jurisdiction over Father's appeal. A challenge to a court's subject matter jurisdiction calls into question "the court's 'lawful authority to adjudicate a controversy brought before it,' and, therefore, should be viewed as a threshold inquiry." *Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 445 (Tenn. 2012) (internal citation omitted) (citing *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000); *Schmidt v. Catholic Diocese of Biloxi*, 2008-CA-00416-SCT (¶ 13), 18 So.3d 814, 821 (Miss. 2009)). "Whenever subject matter

---

[2] The child's half-sibling was also declared dependent and neglected. That child is not at issue in this appeal.

jurisdiction is challenged, the burden is on the plaintiff to demonstrate that the court has jurisdiction to adjudicate the claim." *Id.* (citing *Staats v. McKinnon*, 206 S.W.3d 532, 543 (Tenn. Ct. App. 2006)). "The lack of subject matter jurisdiction is so fundamental that it requires dismissal whenever it is raised and demonstrated." *Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999) (citing Tenn. R. Civ. P. 12.08). "Subject matter jurisdiction depends on the nature of the cause of action and the relief sought, and can only be conferred on a court by the constitution or a legislative act." *Chapman v. DaVita, Inc.*, 380 S.W.3d 710, 712 (Tenn. 2012) (internal citation omitted) (citing *Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994); *Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977)). The question of whether a court possesses subject matter jurisdiction is an issue of law. *Id.* at 712–13.

In order to determine this Court's jurisdiction, we must first consider the nature of the case in the trial court. The motion for permanent guardianship in this case was filed pursuant to Tennessee Code Annotated section 37-1-801, which provides that "[t]he juvenile courts of Tennessee are empowered to appoint an individual a permanent guardian[.]" The statute further provides that an order of permanent guardianship may be entered "in a child protection proceeding or a delinquency proceeding." *Id.* Indeed, Tennessee Code Annotated section 37-1-802(b) provides that permanent guardianship of a child may be awarded only if certain conditions are met, including that "[t]he child has been previously adjudicated dependent and neglected, unruly or delinquent[.]" Tenn. Code Ann. § 37-1-802(b)(1). Accordingly, the request in this case for permanent guardianship was filed in the same proceeding and under the same docket number as the dependency and neglect action.

This procedure was, of course, required because a juvenile court that obtains subject matter jurisdiction by virtue of a dependency and neglect action retains exclusive, continuing jurisdiction over matters involving the child until one or more of certain conditions are met. *See generally* Tenn. Code Ann. § 37-1-103(c). "Essentially, once jurisdiction is acquired in a dependency and neglect proceeding, the juvenile court's jurisdiction continues over the child until one of the following four events occurs: (1) the petition is dismissed, (2) the case is transferred, (3) an adoption petition is filed, or (4) the child reaches [eighteen]." *In re Lillian F.W.*, No. M2012-01450-COA-R3-CV, 2013 WL 5498111, at *5 (Tenn. Ct. App. Sept. 30, 2013) (citing *In re D.Y.H.*, 226 S.W.3d 327, 330 (Tenn. 2007)). The record on appeal does not indicate that any of the four events specified in section 37-1-103(c) have occurred in this case. As such, the juvenile court presiding over the dependency and neglect action had continuing, exclusive jurisdiction over matters involving the child.

Appeals from dependency and neglect proceedings are not directed to this Court. Rather, Tennessee law provides that "[a]n appeal from a juvenile court's dependency and neglect determination, which is a de novo appeal, shall be made to the circuit court within ten days following the entry of the juvenile court's dispositional order." *In re Conner C.*,

No. M2016-01669-COA-R3-JV, 2017 WL 1049669, at \*2 (Tenn. Ct. App. Mar. 20, 2017) (citing Tenn. Code Ann. § 37-1-159(a)); *see also* Tenn. R. Juv. Prac. & Proc. 118 ("Appeals shall be taken pursuant to T.C.A. § 37-1-159.").

We concede that the appeal in this case is not related to the "juvenile court's dependency and neglect determination," which occurred months before this appeal was initiated. Rather, the appeal in this case involves the trial court's decision to grant DCS's motion to award permanent guardianship to Foster Parents. The statute makes clear, however, that the above rule regarding perfecting an appeal applies "from **any** final order or judgment in a delinquency proceeding, filed under this chapter[.]" Tenn. Code Ann. § 37-1-159(a) (emphasis added) (noting an exception not applicable in this case). As such, we have previously held that "[a]ny 'final order or judgment' in a dependency and neglect proceeding may be appealed to the circuit court for a de novo hearing." *In re Ravyn R.*, No. E2017-01001-COA-R3-JV, 2018 WL 1956488, at \*3 (Tenn. Ct. App. Apr. 25, 2018). Moreover, the Tennessee Supreme Court has made clear that "a subsequent decision by the juvenile court on whether to modify an initial custody order will also arise from and be a part of the dependency and neglect proceeding." *In re D.Y.H.*, 226 S.W.3d 327, 331 (Tenn. 2007). "This is true even if a petition for a change of custody does not reference the dependency and neglect hearing and even if it is filed years after the final order is entered. Accordingly, any appeal from such a custody decision is to be made to circuit court." *Id.* (citing Tenn. Code Ann. § 37-1-159(a)); *see also In re T.M.C.*, No. M2004-02653-COA-R3-JV, 2005 WL 3555542, at \*2 (Tenn. Ct. App. Dec. 28, 2005) (holding that a custody proceeding in juvenile court occurring subsequent to a dependency and neglect finding was properly appealable to circuit court); *Lokey v. Griffin*, 45 Tenn. App. 236, 322 S.W.2d 239, 250 (Tenn. Ct. App. 1958) (holding that after the court acquires dependency and neglect jurisdiction, "any future order made by the Juvenile Court . . . concerning the care, custody and support of these children . . . will be subject to review by appeal to the Circuit Court").

The motion for permanent guardianship at issue in this case involves a nearly identical situation. Here, the trial court retained exclusive subject matter jurisdiction over the child at issue. DCS therefore properly filed its motion in the trial court asking that Foster Parents be awarded permanent guardianship. This motion essentially sought to modify the trial court's initial custody decision. *See In re D.Y.H.*, 226 S.W.3d at 331. The trial court's order awarding permanent guardianship was therefore properly appealed to circuit court, rather than this Court. *Id.* As such, this Court has no jurisdiction to consider this appeal.[3]

---

[3] This Court's jurisdiction attaches when a notice of appeal is filed following a final judgment in circuit court. *See, e.g., In re Ethan W.*, No. M2016-02313-COA-R3-JV, 2018 WL 2447046, at \*2 (Tenn. Ct. App. May 31, 2018) (involving an appeal to this Court from the circuit court's judgment in a de novo appeal from juvenile court).

- 4 -

Generally, the appropriate remedy when a party files an appeal to the incorrect court is transfer to the appropriate court. *See* Tenn. Code Ann. § 16-4-108(a)(2) ("Any case removed by mistake to the wrong court shall by that court be transferred to the court having jurisdiction of the case, direct."); *see also* **In re Estate of White**, 77 S.W.3d 765, 769 (Tenn. Ct. App. 2001) ("When a case has been appealed to the wrong appellate court, [section] 16-4-108(a)(2) provides that it should be 'transferred to the court having jurisdiction thereof.'"). In the context of appeals to this Court that are correctly directed to the circuit court, however, transfer is only appropriate where the notice of appeal at issue was filed within ten days of the juvenile court's final order. *See* **State ex rel. Smith v. Thorne**, No. M2016-01966-COA-R3-JV, 2017 WL 1855172, at *5 (Tenn. Ct. App. May 8, 2017) (noting that the appeal could be transferred to circuit court because "the State's notice of appeal was timely filed within the ten-day period provided by [section] 37-1-159(a) for appeals from juvenile court to circuit court"). Where the notice of appeal was not filed within ten days of the entry of the juvenile court's final order, the appeal must be dismissed. *See* **Bowden v. Newcomb**, No. 1, 1987 WL 17873, at *1 (Tenn. Ct. App. Oct. 5, 1987) ("It should be noted that if the notice of appeal had not been filed within ten days from the juvenile court judgment, our disposition of the case would have been limited to dismissal of the appeal instead of dismissal of the appeal with directions for perfection of the appeal in the circuit court."). Here, Father's notice of appeal was filed twenty-eight days after the entry of the trial court's final order awarding permanent guardianship to Foster Parents. Father's appeal was therefore not timely filed and this appeal must be dismissed. *Id.*[4]

## Conclusion

Based on the foregoing, this appeal is dismissed. Costs are assessed against Appellant Brian G., Sr., for which execution may issue if necessary.

---

[4] Although not argued by Father, we note that Father's post-trial motion makes no difference to our disposition. Here, Father filed his motion under the auspices of Rule 52.01 of the Tennessee Rules of Civil Procedure. The Rules of Civil Procedure, however, are not applicable in dependency and neglect actions. *See generally* Tenn. R. Juv. Prac. & Proc. 101(b) (providing that the rules apply in dependent and neglect proceedings). Under our juvenile rules, Rule 310 provides for modification or relief from judgments or orders in certain limited circumstances, none of which was raised in Father's motion. Indeed, Father does not raise the denial of his post-trial motion in this appeal. Moreover, Father's post-trial motion was filed more than thirty days following the entry of the trial court's final order of guardianship, well after the time for appealing had expired, and indeed past the time for filing a post-trial motion to alter or amend even if this case had been governed by the Tennessee Rules of Civil Procedure. *See generally* Tenn. R. Civ. P. 59.04 (stating that a motion to alter or amend must be filed within thirty days of the trial court's judgment). In this situation, we conclude that Father's motion had no effect on the time for filing an appeal under section 37-1-159(a). In reaching this result, we express no opinion as to whether Father's motion, if it had been filed within ten days of the trial court's order and correctly addressed matters allowed under Rule 310, would have tolled the time for taking a de novo appeal to circuit court.

_____
J. STEVEN STAFFORD, JUDGE