IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
April 3, 2007 Session

**IN RE D.Y.H.**

**Appeal by Permission from the Court of Appeals, Western Section
Circuit Court for Madison County
No. C-04-445      Roy B. Morgan, Jr., Judge**

**No. W2005-00684-SC-R11-CV - Filed on May 24, 2007**

The father was granted custody of his minor child in juvenile court after the court found the daughter to be dependent and neglected. Three years after the order was entered, the mother filed a petition for change of custody in juvenile court, which was denied. The mother appealed the juvenile court's order to circuit court. The circuit court dismissed the appeal concluding that it lacked jurisdiction to hear the appeal because the petition filed by the mother was not a part of the dependency and neglect proceeding. The Court of Appeals affirmed the circuit court. We reverse the judgment of the Court of Appeals and hold that the subsequent custody decision was a part of the dependency and neglect proceeding so that it is properly appealable to circuit court for a de novo hearing.

**Tenn. R. App. P. 11; Judgment of the Court of Appeals is Reversed; Case Remanded**

WILLIAM M. BARKER, C.J., delivered the opinion of the court, in which JANICE M. HOLDER, CORNELIA A. CLARK, and GARY R. WADE, JJ., joined.

Jeanie M. Todd, Jackson, Tennessee, for the appellant, Shelly Bryant.

Bob C. Hooper, Jackson, Tennessee, for the appellee, Juan Hunt.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Douglas E. Dimond, Senior Counsel, for the amicus curiae, the State of Tennessee.

## OPINION

### I.  Facts and Procedural History

On April 7, 1999, Juan Hunt (the "Father") filed a petition for custody in the Juvenile Court for Madison County alleging that Shelly Bryant (the "Mother") had abused their minor daughter by hitting her with a switch. After a hearing on May 18, 1999, the juvenile court found the child to be

dependent and neglected and awarded temporary custody to the Father.[1] The court prohibited corporal punishment of the child, granted the Mother visitation, and ordered both parents to attend parenting classes.

On July 22, 2002, the Mother filed a petition for a change of custody in juvenile court stating that she had complied with the requirements of the juvenile court's order and that the child had expressed a preference to live with the Mother. The court denied the Mother's petition, leaving temporary custody with the Father. The Mother filed a petition to reconsider, which was denied by the juvenile court in an order entered on September 24, 2004. The court found that "there has not been significant change in circumstances to warrant a change in custody." The Mother appealed this decision to the Circuit Court for Madison County. The circuit court dismissed the Mother's appeal ruling that the petition for a change in custody was unrelated to the dependency and neglect proceeding, and, accordingly, any appeal should be filed in the Court of Appeals pursuant to Tennessee Code Annotated section 37-1-159(g) (2005). The Court of Appeals affirmed the ruling of the circuit court.

## II.  Standard of Review

"[R]eview of findings of fact by the trial court in civil actions shall be de novo upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d). We review of conclusions of law de novo without a presumption of correctness. Stewart v. Sewell, 215 S.W.3d 815, 821 (Tenn. 2007).

## III.  Analysis

Tennessee Code Annotated section 37-1-159 governs appeals from juvenile court proceedings. It provides as follows:

> (a) The juvenile court shall be a court of record; and any appeal from any final order or judgment in a delinquency proceeding, filed under this chapter, except a proceeding pursuant § 37-1-134, may be made to the criminal court or court having criminal jurisdiction that shall hear the testimony of witnesses and try the case de novo; and *any appeal from any final order or judgment in an unruly child proceeding or dependent and neglect proceeding, filed under this chapter, may be made to the circuit court* that shall hear the testimony of witnesses and try the case de novo. The appeal shall be perfected within ten (10) days, excluding nonjudicial days, following the juvenile court's disposition. . . .
>
> . . . .

---

[1] In its August 12, 1999 Order, the juvenile court found that the child had bruises and scabs on her arms and legs as a result of the Mother whipping the child with a switch.

(g) Appeals in all other civil matters heard by the juvenile court shall be governed by the Tennessee Rules of Appellate Procedure.

(Emphasis added.)

It is clear from the statute that appeals from a juvenile court's final order or judgment in a unruly child or dependency and neglect proceeding are to be made to circuit court. Tenn. Code Ann. § 37-1-159(a). Appeals in all other civil matters heard by a juvenile court are governed by the Tennessee Rules of Appellate Procedure, which provide that civil appeals are to be made to the Court of Appeals. Tenn. R. App. P. 3; see, e.g., Tenn. Dep't of Children's Servs. v. T.M.B.K., 197 S.W.3d 282, 289 (Tenn. Ct. App. 2006) (providing that appeals in termination cases are appealed directly to the Court of Appeals).

In this case, the initial proceeding was one for dependency and neglect. The Father in his April 7, 1999 petition alleged that the Mother had abused the child, and after a hearing on the matter, the juvenile court entered an order finding the child to be dependent and neglected and awarded custody to the Father. Had the Mother appealed that order, the appeal would have been to circuit court. See Tenn. Code Ann. 37-1-159(a). However, there was no appeal at that time. The order that the Mother did appeal was a subsequent order in which the court had denied her July 22, 2002 petition for a change of custody.

The Court of Appeals held that the July 22, 2002 petition was not part of the dependency and neglect proceeding, and, therefore, pursuant to Tennessee Code Annotated section 37-1-159(g) the proper court to hear the appeal was the Court of Appeals. The court reasoned that because the Mother's petition for a change of custody was filed over three years after the final order was entered in the dependency and neglect proceeding granting custody to the Father, the petition constituted a new action and was not related to the earlier dependency and neglect proceeding. The court rejected the Mother's argument that the July 22, 2002 petition was in substance a petition to modify the previous order under Tennessee Rule of Juvenile Procedure 34, noting that the petition failed to allege any errors in the dependency and neglect proceeding.

In concluding that the July 22, 2002 petition was a new action and not part of the dependency and neglect proceeding, the Court of Appeals focused too narrowly on the face of the July 22, 2002 petition.

In all cases in juvenile court involving a custody determination there must be some underlying proceeding that gives the court subject matter jurisdiction. Unlike circuit or chancery courts, which are courts of general jurisdiction, juvenile courts in Tennessee are courts of limited

jurisdiction.[2] <u>Stambaugh v. Price</u>, 532 S.W.2d 929, 932 (Tenn. 1976). Juvenile courts may exercise only such jurisdiction and powers as have been conferred on them by statute. <u>In re S.L.M.</u>, 207 S.W.3d 288, 296 (Tenn. Ct. App. 2006) (citing <u>State ex rel. Hyatt v. Bomar</u>, 358 S.W.2d 295, 296 (Tenn. 1962)). The two primary statutes that confer jurisdiction on juvenile courts are Tennessee Code Annotated section 37-1-103 (2005), which defines areas of exclusive original jurisdiction, and section 37-1-104 (2005), which defines areas of concurrent jurisdiction.

Tennessee Code Annotated section 37-1-103 provides in relevant part:

(a) The juvenile court has exclusive original jurisdiction of the following proceedings, which are governed by this part:

(1) Proceedings in which a child is alleged to be delinquent, unruly or dependent and neglected, or to have committed a juvenile traffic offense as defined in § 37-1-146;

. . . .

(c) *When jurisdiction has been acquired under the provisions of this part, such jurisdiction shall continue* until the case has been dismissed, or until the custody determination is transferred to another juvenile, circuit, or chancery or general sessions court exercising domestic relations jurisdiction, or until a petition for adoption is filed regarding the child in question as set out in § 36-1-116(f). . . . In all other cases, jurisdiction shall continue until a person reaches the age of eighteen (18), except that the court may extend jurisdiction for the limited purposes set out in § 37-1-102(b)(4)(B) until the person reaches the age of nineteen (19).

(Emphasis added). Thus, when a juvenile court acquires jurisdiction from a dependency and neglect proceeding, its exclusive original jurisdiction continues until one of following events occur:

(1) the case is dismissed;
(2) the custody determination is transferred to another court;
(3) a petition for adoption is filed; or
(4) the child reaches the age of eighteen.

Tenn. Code Ann. § 37-1-103(c); <u>see also</u> <u>Toms v. Toms</u>, 98 S.W.3d 140, 143-34 (Tenn. 2003) (holding that the juvenile court lost its exclusive original jurisdiction when it dismissed the dependency and neglect petition).

---

[2] Article VI, section 1 of the Tennessee Constitution gives the Legislature the power to create courts of general, special, or limited jurisdiction. <u>State ex rel. Ward v. Murrell</u>, 90 S.W.2d 945, 946 (Tenn. 1936). <u>Compare</u> Tennessee Code Annotated section 16-10-101 (granting circuit courts general jurisdiction over cases), <u>with</u> sections 37-1-103 and 37-1-104 (granting juvenile courts jurisdiction in certain proceedings).

Section 37-1-104 confers juvenile courts with concurrent jurisdiction including concurrent jurisdiction with circuit and chancery courts to terminate parental rights, to order child support, and to determine the paternity and custody of children born out of wedlock. It also confers concurrent jurisdiction with probate courts to treat a developmentally disabled and mentally ill child and to determine the custody or appoint a guardian of a child.

In Tennessee Department of Children's Services v. Owens, 129 S.W.3d 50 (Tenn. 2004), we clarified that any custody decision that is made during a dependency and neglect proceeding is a part of the dependency and neglect proceeding and appealable to circuit court. Id. at 55. In Owens, the Department of Children's Services ("DCS") filed a petition in the Juvenile Court for Haywood County to declare a minor child to be dependent and neglected. Id. at 52. The child's aunt and uncle filed a petition to intervene and for custody. Id. While these petitions were pending, DCS filed a petition to terminate parental rights. Id. The juvenile court terminated parental rights and awarded guardianship to DCS. Id. at 53. The court also denied the aunt and uncle's petition for custody. Id. The aunt and uncle appealed the juvenile court's order to the Circuit Court for Haywood County, which dismissed the appeal for lack of jurisdiction. Id.

We concluded that the appeal was properly made to circuit court because the order was connected to the dependency and neglect proceeding. 129 S.W.3d at 54. We stated that "[t]he nature and substance of a proceeding cannot be transformed simply by the filing of a petition with a different caption." Id. Recognizing that the aunt and uncle's petition for custody was before the juvenile court in the dependency and neglect hearing, we held that the appeal arose out of the dependency and neglect proceeding, rather than from the termination proceeding, and was properly perfected to circuit court pursuant to Tennessee Code Annotated section 37-1-159(a). Id. at 55.

In this case, we are confronted with a situation similar to that in Owens in which the juvenile court's jurisdiction was acquired by the filing of a dependency and neglect petition. After a hearing on the Father's April 7, 1999 petition, the juvenile court determined that the child was dependent and neglected and awarded custody to the Father. On April 22, 2002, the Mother filed a petition for a change of custody. Having acquired jurisdiction over the child by the filing of the dependency and neglect petition and having found the child to be dependent and neglected, the juvenile court heard the Mother's July 22, 2002 petition pursuant to its continuing dependency and neglect jurisdiction. See Tenn. Code Ann. § 37-1-103(c); see also Tenn. Dep't of Human Servs. v. Gouvitsa, 735 S.W.2d 452, 455-56 (Tenn. Ct. App. 1987) (stating that "once a juvenile court has entertained jurisdiction over a child [in a dependency and neglect proceeding] that court must take affirmative action to dispose of the case in one of the ways provided by statute before jurisdiction can terminate").

We hold that in these circumstances without an interrupting event under section 37-1-103(c), a subsequent decision by the juvenile court on whether to modify an initial custody order will also arise from and be a part of the dependency and neglect proceeding. This is true even if a petition for a change of custody does not reference the dependency and neglect hearing and even if it is filed years after the final order is entered. Accordingly, any appeal from such a custody decision is to be made to circuit court. See Tenn. Code Ann. § 37-1-159(a); In re T.M.C., No. M2004-02653-COA-

-5-

R3-JV, 2005 WL 3555542, at *2 (Tenn. Ct. App. Dec. 28, 2005)[3] (holding that a custody proceeding in juvenile court occurring subsequent to a dependency and neglect finding was properly appealable to circuit court); see also Lokey v. Griffin, 322 S.W.2d 239, 250 (Tenn. Ct. App. 1958) (holding that after the court acquires dependency and neglect jurisdiction, "any future order made by the Juvenile Court . . . concerning the care, custody and support of these children . . . will be subject to review by appeal to the Circuit Court").

Therefore, the Mother's petition for a change of custody was a part of the dependency and neglect proceeding, and the juvenile court's order denying the petition was appealable to circuit court for a de novo hearing. Tenn. Code Ann. § 37-1-159(a). The Circuit Court for Madison County erred in dismissing the Mother's appeal and in concluding that it lacked jurisdiction to hear the appeal.

### *IV. Conclusion*

We hold that the circuit court has jurisdiction to hear and decide the Mother's appeal from the juvenile court's order denying her petition for change of custody. The judgment of the Court of Appeals is reversed. This case is remanded to circuit court for a de novo hearing of the appeal.

Costs of this appeal are taxed to the appellee, Juan Hunt, and his sureties, for which execution may issue if necessary.

_____
WILLIAM M. BARKER, CHIEF JUSTICE

---

[3] While unpublished opinions are not considered controlling authority except between the parties to the case, they are considered persuasive authority. Tenn. S. Ct. R. 4(H)(1); McConnell v. State, 12 S.W.3d 795, 799 n.5 (Tenn. 2000) (citing Allstate Ins. Co. v. Watts, 811 S.W.2d 883, 886 n.2 (Tenn. 1991)).