IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 18, 2012

# IN RE: A.W.

**Appeal from the Circuit Court for Knox County, Fourth Circuit**
**No. 120901      Bill Swann, Judge**

---

**No. E2011-01427-COA-R3-JV-FILED-FEBRUARY 9, 2012**

---

This case arises from juvenile proceedings concerning the then minor child A.W. The Juvenile Court for Knox County ("the Juvenile Court") found A.W. to be an unruly child. A.W. filed a Petition to Vacate Orders and to Dismiss ("Petition to Vacate") regarding the order finding A.W. to be an unruly child. The Juvenile Court denied the Petition to Vacate. A.W. appealed to the Circuit Court for Knox County, Fourth Circuit ("the Circuit Court"). The State of Tennessee ("the State") moved to dismiss the appeal arguing the appeal was untimely. The Circuit Court granted the State's motion to dismiss. A.W. appeals to this Court, arguing that the Circuit Court should have heard A.W.'s appeal from Juvenile Court. We hold that the Circuit Court erred in granting the State's motion to dismiss A.W.'s appeal of the Juvenile Court's order denying A.W.'s Petition to Vacate. We reverse the judgment of the Circuit Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed;**
**Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and JOHN W. MCCLARTY, J., joined.

Dean Hill Rivkin and Brenda McGee; Emily Mack, practicum student attorney; and, Karina Xart, practicum law student; Knoxville, Tennessee, for the appellant, A.W.

Robert E. Cooper, Jr., Attorney General and Reporter; William E. Young, Solicitor General; and, Alexander S. Rieger, Assistant Attorney General; for the appellee, the State of Tennessee.

## OPINION

## Background

This appeal presents a question of law, and our focus will be centered on the pertinent procedural background. In February 2010, A.W. was found to be an unruly child by the Juvenile Court and was placed on probation. In January 2011, A.W. filed the Petition to Vacate in the Juvenile Court. A.W. argued, *inter alia*, that there were constitutional, procedural, and jurisdictional defects in the original proceedings in which A.W. was found to be an unruly child. On January 26, 2011, the Juvenile Court denied A.W.'s Petition to Vacate.

A.W. appealed the Juvenile Court's denial of the Petition to Vacate to the Circuit Court on February 3, 2011. The State moved to dismiss A.W.'s appeal, arguing that the time to appeal a final judgment had expired. On June 10, 2011, the Circuit Court granted the State's motion to dismiss A.W.'s appeal. The Circuit Court subsequently dismissed A.W.'s motion for reconsideration. A.W. appeals to this Court.

## Discussion

Though not stated exactly as such, A.W. raises one issue on appeal: 1) whether the Circuit Court erred in summarily dismissing A.W.'s appeal of the Juvenile Court's order denying A.W.'s Petition to Vacate. The sole issue on appeal being a legal one, our review is conducted "under a pure *de novo* standard of review, according no deference to the conclusions of law made by the lower courts." *Southern Constructors, Inc. v. Loudon County Bd. Of Educ.,* 58 S.W.3d 706, 710 (Tenn. 2001).

Initially, we observe that this appeal is somewhat unusual in that both parties now agree that the Circuit Court's judgment should be reversed. Despite the parties' being in agreement, we believe it is appropriate to explain why we agree with the parties.

A.W. filed the Petition to Vacate pursuant to Tenn. Code Ann. § 37-1-139 and Rule 34 of the Tennessee Rules of Juvenile Procedure. Tenn. Code Ann. § 37-1-139 states:

(a) Except as provided in § 36-1-113(q), an order of the court shall be set aside if it appears that:

(1) It was obtained by fraud or mistake sufficient to satisfy the legal requirements in any other civil action;

-2-

(2) The court lacked jurisdiction over a necessary party or of the subject matter; or

(3) Newly discovered evidence so requires.

(b) Except for an order terminating parental rights or an order of dismissal, an order of the court may also be changed, modified or vacated upon a finding of changed circumstances and that the change, modification or vacation is in the best interest of the child. An order granting probation to a child found to be delinquent or unruly may be revoked on the ground that the conditions of probation have not been observed.

(c) Pursuant to Tenn. R. Juv. P. 22, in no event shall modification of an agreed order result in a child being placed into the custody of the department of children's services without the appropriate petition having been filed with the clerk of the court alleging the child to be dependent, neglected, abused, unruly, or delinquent. This subsection (c) shall not be construed as eliminating the judicial findings required for children in state custody by §§ 37-1-166 and 37-2-409 or as otherwise required by case law and federal regulations.

(d) Any party to the proceeding, the probation officer or other person having supervision or legal custody of or an interest in the child may petition the court for the relief provided in this section. The petition shall set forth in concise language the grounds upon which the relief is requested.

(e) After the petition is filed, the court shall fix a time for hearing and cause notice to be served as a summons is served under § 37-1-123 on the parties to the proceeding or affected by the relief sought. After the hearing, which may be informal, the court shall deny or grant relief as the evidence warrants.

Tenn. Code Ann. § 37-1-139 (2010).

Rule 34 of the Tennessee Rules of Juvenile Procedure states, in part:

(b) Extraordinary Relief. An order of the court shall be vacated if it appears that it was obtained by fraud or mistake sufficient therefor in a civil action, or the court lacked jurisdiction over a necessary party or of the subject matter, or newly discovered evidence so requires.

(c) Modification for Best Interest of Child. An order of the court may also be

modified or vacated on the ground that changed circumstances so require in the best interest of the child, except an order committing a delinquent child to the Department of Correction, or an institution for delinquent children, an order terminating parental rights or an order of dismissal. An order granting probation to a child found to be delinquent or unruly may be revoked, according to the provisions of Rule 35, on the ground that the conditions of probation have not been observed. Placements after a child has been committed to the Department of Correction shall be reviewed as provided in Tenn. Code Ann. § 37-1-137, and, in the case of termination of home placement, Rule 35.

(d) Petitions to Modify or Vacate Orders. Any party to the proceeding, the probation officer, or any other person having supervision or legal custody of or an interest in the child may petition the court for the relief provided in subsections (b) and (c) of this rule. The petition shall be styled "Petition to Vacate Order" or "Petition to Modify Order," as the case may be, shall set forth in concise language the grounds upon which the relief is requested, and shall include:

(1) The name of the court to which the application is addressed;

(2) The title and action number of the original proceeding;

(3) The name, age, and address, if any, of the child upon whose behalf the application is brought;

(4) The name and residence address, if known, of the parent, guardian or legal custodian or, if not known or if there is no parent, guardian or legal custodian residing within the state, the name and residence address, if known, of any adult relative residing within the county, or if there is none, the name and residence address of the adult relative residing nearest the court;

(5) The date and general nature of the order sought to be modified or vacated;

(6) A concise statement as to the grounds alleged to require the modification or vacation of the order, including any change of circumstance or new evidence;

(7) A concise statement as to relief requested; and

(8) A statement as to the petitioner's relationship or interest in the child, if the petition is brought by a person other than the child.  A petition to modify or vacate an order under this section shall be liberally construed in favor of its sufficiency.

Tenn. R. Juv. P. 34 (b) - (d).[1]

As pointed out by A.W., our Supreme Court addressed a somewhat analogous matter in *In re D. Y. H.*, 226 S.W.3d 327 (Tenn. 2007).  In *In Re D. Y. H.*, the juvenile court made a custody determination regarding the child.  *Id*. at 328.  Approximately three years later, the child's mother filed a petition in the juvenile court requesting a change of custody, which the court denied.  *Id*.  The mother appealed to circuit court, which dismissed her appeal on the basis that her petition for change of custody was unrelated to the original dependency and neglect proceeding.  *Id*.  at 328-29.  On appeal, the Tennessee Court of Appeals affirmed the circuit court.  *Id*. at 329.  The Supreme Court reversed, stating, *inter alia*:

We hold that in these circumstances without an interrupting event under section 37–1–103(c), a subsequent decision by the juvenile court on whether to modify an initial custody order will also arise from and be a part of the dependency and neglect proceeding.  This is true even if a petition for a change of custody does not reference the dependency and neglect hearing and even if it is filed years after the final order is entered.  Accordingly, any appeal from such a custody decision is to be made to circuit court.

226 S.W.3d at 331.

The juvenile court has exclusive original jurisdiction over "[p]roceedings in which a child is alleged to be delinquent, unruly or dependent and neglected, or to have committed a juvenile traffic offense . . . ."  Tenn. Code Ann. § 37-1-103(a)(1) (2010).  "[A]ny appeal from any final order or judgment in an unruly child proceeding or dependent and neglect proceeding, filed under this chapter, may be made to the circuit court that shall hear the testimony of witnesses and try the case de novo."  Tenn. Code Ann. § 37-1-159(a) (2010).

A.W. argues that the Circuit Court should have heard the appeal of the Juvenile Court's denial of A.W.'s Petition to Vacate.  We agree.  The State, though not invoking

---

[1]Rule 34 has been amended since the relevant actions in this case.  The amendments are not as yet effective and, in any case, they would not be applicable in this appeal.

precisely the same law or arguments, also now agrees that the Circuit Court's judgment should be reversed. When the Juvenile Court denied A.W.'s Petition to Vacate, the Juvenile Court's order constituted an appealable order under Tenn. Code Ann. § 37-1-159. A.W. timely appealed to the Circuit Court the decision of the Juvenile Court to deny the Petition to Vacate. The Circuit Court had jurisdiction to hear the appeal.

In accordance with the controlling law, A.W.'s appeal of the Juvenile Court's order denying A.W.'s Petition to Vacate should have been heard by the Circuit Court. Accordingly, we reverse the judgment of the Circuit Court, and remand this cause to be heard before the Circuit Court on its merits.

## Conclusion

The judgment of the Circuit Court is reversed, and this cause is remanded to the Circuit Court for further proceedings consistent with this Opinion. The costs on appeal are assessed against the Appellee, the State of Tennessee.

_____
D. MICHAEL SWINEY, JUDGE