# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs March 4, 2013

## IN RE BRITANY P. D.

**Appeal from the Circuit Court for Hickman County**
**No. 11CV45     Robbie T. Beal, Judge**

---

**No. M2012-00614-COA-R3-JV - Filed April 22, 2013**

---

The dispositive jurisdictional issue in this case is whether the underlying juvenile court proceeding was merely a custody action or a part of a dependency and neglect proceeding wherein custody was also at issue. The pleading that was tried in the juvenile court was Father's Amended Petition for Custody and to Determine Parenting Plan and, in the Alternative, Petition for Dependent and Neglect. Following the trial on the amended petition, the juvenile court judge found the evidence insufficient to prove dependency and neglect; however, the juvenile court awarded custody of the parties' child to Father on a best interest determination. Mother appealed the judgment of the juvenile court to the circuit court. The circuit court dismissed the appeal on the motion of Father, finding it lacked jurisdiction because the juvenile court did not find the child dependent and neglected. The appeal was then transferred to this court. Although the juvenile court did not find the child dependent and neglected, the juvenile court awarded custody to Father following a trial which was part of a dependency and neglect proceeding. Therefore, as *In re D.Y.H.*, 226 S.W.3d 327 (Tenn. 2007), instructs, the circuit court has jurisdiction to hear Mother's appeal because the juvenile court's custody decision arose from and was part of a dependency and neglect proceeding. Accordingly, we reverse and remand this appeal to the circuit court for a de novo hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Reversed and Remanded**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, J.J., joined.

Gary W. Wicks, Sr., Franklin, Tennessee, for the appellant, Jeri L. M.[1]

Joseph Hornick, Dickson, Tennessee, for the appellee, Corbitt A. D.

Melanie Totty Cagle, Centerville, Tennessee, for the appellee, Britany P. D.

**OPINION**

This action involves a custody dispute between Mother and Father over their child born out of wedlock. The child, Britany D., was born in December 1995. Mother and Father never married, and the child resided with Mother since her birth except for a brief period at age thirteen when Britany resided with Father temporarily after an altercation with Mother. This action was initiated on February 17, 2011, when Father filed a Petition for Custody and to Determine Parenting Plan in the Juvenile Court for Hickman County. Believing that Father's petition contained claims giving rise to issues of dependency and neglect, the juvenile court judge requested that Father file an amended petition that expressly alleged dependency and neglect. As requested, Father filed an Amended Petition for Custody and to Determine Parenting Plan and, in the Alternative, Petition for Dependent and Neglect.[2] Based upon the dependency and neglect allegations, Mother was appointed counsel due to her indigency and a guardian ad litem was appointed for the child.

The issues raised in the amended petition were tried on August 26, 2011. At the conclusion of the trial, the juvenile court found the evidence insufficient to prove dependency and neglect, but the court awarded custody of the parties' child to Father based on a best interest determination. The juvenile court found it was in the child's best interest that Father be granted custody of the child as the court determined the child was "out of control."[3] Mother timely filed an appeal with the Hickman County Circuit Court.

The appeal was set before the circuit court but, prior to the hearing, Father filed a Motion to Dismiss the Appeal. Following a hearing on the motion, the circuit court

---

[1] This court has a policy of protecting the identity of children in dependency and neglect cases by initializing the last names of the parties.

[2] The amended petition specifically reads "Amended Petition for Custody and to Determine Parenting Plan in the Alternative Petition for Dependent Neglect."

[3] The record before this court does not contain an order from the juvenile court's ruling; however, the essence of the juvenile court's ruling is not in dispute by the parties and a transcript of the bench ruling is in the record. Mother also filed a motion to reconsider, which the trial court denied at a hearing on the motion; however, the record does not contain an order denying the motion.

determined that it lacked jurisdiction to hear the case because the juvenile court only made a custody determination. Further, the circuit court concluded it did not have jurisdiction pursuant to Tennessee Code Annotated § 37-1-159(a) because the juvenile court did not make a finding of dependency and neglect. Mother's appeal of the juvenile court's judgment was then transferred to this court.

## ANALYSIS

Mother contends the circuit court erred in treating the underlying action as a custody case instead of a dependency and neglect action that also involves the issue of custody and that it has jurisdiction to hear her appeal.[3] Father contends the underlying action was merely a custody case; therefore, the circuit court does not have jurisdiction.

For her part, Mother relies on two authorities, Tennessee Code Annotated § 37-1-159(a) and *In re D.Y.H.*, 226 S.W.3d 327 (Tenn. 2007). Pursuant to Tennessee Code Annotated § 37-1-159(a), "any appeal from any final order or judgment in an unruly child proceeding or dependent and neglect proceeding, filed under this chapter [in the juvenile court], may be made to the circuit court that shall hear the testimony of witnesses and try the case de novo." Thus, a party is entitled to a direct appeal of dependency and neglect actions from the juvenile court to the circuit court.

Mother relies on the holding in *In re D.Y.H.* because, like here, dependency and neglect as well as custody issues were presented to the juvenile court. *In re D.Y.H*, 226 S.W.3d at 327. In that action, the father was granted custody of the parties' minor child in the juvenile court following a finding that the child was dependent and neglected. *Id*. at 328. Three years later, the mother filed a petition for change of custody in juvenile court. *Id*. When her petition was denied, the mother appealed to the circuit court. *Id*. The circuit court dismissed the mother's appeal concluding that it lacked jurisdiction because the petition filed by the mother was not part of a dependency and neglect proceeding. *Id*. Following a ruling by this court, the mother appealed to the Tennessee Supreme Court. *Id*. The Supreme Court looked to its previous opinion in *Tenn. Dep't of Children's Servs. v. Owens*, 129 S.W.3d 50 (Tenn. 2004), in which it held that "any custody decision that is made during a dependency and neglect proceeding is a part of the dependency and neglect proceeding and appealable to the circuit court." *Id*. at 331 (quoting *Owens*, 129 S.W.3d at 55). The Court determined

---

[3]Further, Mother contends that the juvenile court erred in considering the best interests of the child without a finding of dependency and neglect and without a finding of a substantial and material change of circumstances. Our ruling renders this issue moot. Mother also contends the juvenile court should have only considered the issue as a dependency and neglect action and once it found no basis for such, it should have dismissed the case in its entirety. We disagree as Father sought custody in the alternative to the dependency and neglect petition.

that the action remained a dependency and neglect action despite the three year period between the custody award arising out of the dependency and neglect action and the mother's petition to change custody, stating:

> We hold that in these circumstances without an interrupting event under section 37-1-103(c), a subsequent decision by the juvenile court on whether to modify an initial custody order will also arise from and be a part of the dependency and neglect proceeding. This is true even if a petition for change of custody does not reference the dependency and neglect hearing and even if it is filed years after the final order is entered. Accordingly, any appeal from such a custody decision is to be made to circuit court.

*Id.* at 331-32. (internal citations and footnotes omitted).

For his part, Father relies upon *Anthony v. Rodgers*, No. W2002-01240-COA-R3-CV, 2003 WL 22213208, at *1 (Tenn. Ct. App. Sept. 23, 2003) and *Williams v. Butze*, No. W2008-01490-COA-R3-C, 2009 WL 723485, at *1 (Tenn. Ct. App. March 18, 2009). We have determined that *Anthony* is no longer authoritative due to our Supreme Court's ruling in *D.Y.H.*[4] As for *Williams*, it is distinguishable because, unlike the case at bar, the dependency and neglect petition filed by Mr. Butze was voluntarily dismissed by consent of both parents in the juvenile court. *Williams*, 2009 WL 723485 at *3. Further, the dismissal of the dependency and neglect petition ended the juvenile court's exclusive jurisdiction over the custody determination, *see* Tenn. Code Ann. § 37-1-103(c),[5] and, with the consent of the parties, the juvenile court proceeded to determine custody pursuant to its authority under Tennessee Code Annotated § 37-1-104(f). *Id.* at *1. As the *Williams* court explained:

---

[4]*Anthony* was decided in 2003, three years prior to *In re D.Y.H.*, 226 S.W.3d 327 (Tenn. 2007).

[5]Tennessee Code Annotated § 37-1-103(c) provides that:

(c) Except as provided in subsection (d), when jurisdiction has been acquired under this part, such jurisdiction shall continue until the case has been dismissed, or until the custody determination is transferred to another juvenile, circuit, chancery or general sessions court exercising domestic relations jurisdiction, or until a petition for adoption is filed regarding the child in question as set out in § 36-1-116(f). A juvenile court shall retain jurisdiction to the extent needed to complete any reviews or permanency hearings for children in foster care as may be mandated by federal or state law. This subsection (c) does not establish concurrent jurisdiction for any other court to hear juvenile cases, but permits courts exercising domestic relations jurisdiction to make custody determinations in accordance with this part.

[T]he Juvenile Court made a custody determination "pursuant to § 36-6-106 of the Tennessee Code Annotated." In so doing, the trial court was proceeding under its jurisdiction established by Tenn. Code Ann. § 37-1-104(f), which provides:

> Notwithstanding any provision of law to the contrary, the juvenile court has concurrent jurisdiction with the circuit and chancery court of proceedings to establish the paternity of children born out of lawful wedlock and to determine any custody, visitation, support, education or other issues regarding the care and control of children born out of wedlock. The court further has the power to enforce its orders. Nothing in this subsection (f) shall be construed as vesting the circuit and chancery court with jurisdiction over matters that are in the exclusive jurisdiction of the juvenile court under § 37-1-103.

In short, once the parties consented to the dismissal of the dependency and neglect petition, the Juvenile Court's exclusive jurisdiction under Tenn. Code Ann. § 37-1-103(c) ceased. Here, [the mother] is appealing a custody decision made by the Juvenile Court pursuant to its jurisdiction under Tenn. Code Ann. § 37-1-104(f). Consequently, under Tenn.Code Ann. § 37-1-159(g), this Court, not the Circuit Court, is the proper appellate court.

*Williams,* 2009 WL 723485, at *3.

In this case, Father filed his initial custody petition seeking custody of the parties' child. Subsequently, Father filed his amended petition asserting that the child was dependent and neglected, in addition to the relief sought in the original petition. At the evidentiary hearing on the amended petition, issues concerning both custody and dependency and neglect were addressed and evidence was presented concerning each. Following the hearing, the juvenile court found no evidence of dependency and neglect but determined that a change of custody was warranted based upon the best interest of the child.

The juvenile court's custody determination was made following a contemporaneous hearing on the dependency and neglect petition and the custody petition; thus, the custody determination arose from and was part of a dependency and neglect proceeding. Due to this procedural circumstance, the juvenile court's custody determination is appealable directly to the circuit court pursuant to Tennessee Code Annotated § 37-1-159(a) as mandated by *In re D.Y.H.,* 226 S.W.3d at 331. Because the circuit court has jurisdiction to hear Mother's appeal, we reverse and remand this appeal to the circuit court for a de novo hearing.

## IN CONCLUSION

The judgment of the trial court is reversed, and this matter is remanded with costs of appeal assessed against the Appellee.

_____
FRANK G. CLEMENT, JR., JUDGE