IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 13, 2014 Session

**IN RE ABIGAIL M., ET AL.**

**Appeal from the Juvenile Court for Hamilton County**
**Nos. 255424, 255426, 259400, 259402, 260546, 260547      Robert D. Philyaw, Judge**

**No. E2014-01825-COA-R3-JV - FILED - NOVEMBER 13, 2014**

This appeal is from a custody order entered in a dependency and neglect proceeding in the Juvenile Court for Hamilton County ("Juvenile Court."). Because we have no jurisdiction to hear an appeal from a custody order entered in a dependency and neglect case, this appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. MCCLARTY, J., CHARLES D. SUSANO, JR., C.J., AND THOMAS R. FRIERSON, II, J.

Justin G. Woodward, Ringgold, Georgia, for the appellant, Jessica B.

Jennifer Kay Peck, Chattanooga, Tennessee, for the appellee, David M.

Rachel M. Wright, Hixson, Tennessee, Guardian Ad Litem.

**MEMORANDUM OPINION**[1]

    The children, Abigail M. and Alyssa M., previously were declared dependent and neglected by order of the Juvenile Court and placed in the temporary legal custody of a relative. In December of 2013, the children were returned to the custody of the appellant,

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Jessica B. ("Mother"). Mother and the appellee, David M. ("Father"), subsequently filed competing petitions for custody of the minor children. By order entered on August 14, 2014, the Juvenile Court ruled upon the parties' competing petitions for custody by awarding custody of Abigail M. to Father and maintaining custody of Alyssa M. with Mother. The Juvenile Court also established co-parenting time for each child with the non-residential parent. On August 28, 2014, counsel for Mother filed a notice of appeal to the Circuit Court for Hamilton County from the August 14, 2014 order. On September 5, 2014, counsel for Mother filed the Notice of Appeal to this Court from the same August 14, 2014 order.

When a juvenile court acquires jurisdiction from a dependency and neglect proceeding, its exclusive jurisdiction continues until one of the following events occurs:
    (1)    the case is dismissed;
    (2)    the custody determination is transferred to another court;
    (3)    a petition for adoption is filed; or
    (4)    the child reaches the age of eighteen.
Tenn. Code Ann. § 37-1-103(c). In In Re D.Y.H., 226 S.W.3d 327, 331 (Tenn. 2007), the Supreme Court of Tennessee held that in the absence of the occurrence of one of the above events terminating a juvenile court's jurisdiction, "a subsequent decision by the juvenile court on whether to modify an initial custody order will also arise from and be a part of the dependency and neglect proceeding. . . . even if a petition for a change of custody does not reference the dependency and neglect hearing and even if it is filed years after the final order is entered." As such, "any appeal from such a custody decision is to be made to circuit court." Id. (citing Tenn. Code Ann. § 37-1-159(a)).

In light of the holding in D.Y.H., this Court directed Mother to show cause why this appeal should not be dismissed for lack of jurisdiction. In his response to the show cause order, counsel for Mother argued that the Juvenile Court's reference to the "material change in circumstances" standard for a modification of custody, together with the Juvenile Court's failure to indicate in the August 14, 2014 order that the children continued to be dependent and neglected, lead him to believe that the order could be appealed only to this Court. Counsel asserts in his response that it was not his intent to "cause confusion between the courts." He states that he simply did not want to waive or relinquish Mother's appellate rights by appealing the order to the wrong court. However, counsel's filing of duplicative notices of appeal has accomplished that which counsel asserts was not his intent, namely, confusion in the appellate process.

Because it is clear from the Supreme Court's holding in D.Y.H. that we have no jurisdiction to hear this appeal, this case is dismissed. Counsel for Mother may pursue Mother's appeal to the Circuit Court for Hamilton County. Exercising our discretion, and because it would be manifestly unfair to tax the costs of this proceeding to Mother, we elect

instead to tax all costs on appeal to Justin G. Woodward, counsel for Mother, for which execution may issue if necessary.

**PER CURIAM**