IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 13, 2018 Session

## MATTHEW BROCK HANCE v. DANIELLE SMITH HANCE

Appeal from the Chancery Court for Hamblen County
No. 2016-CV-209      Douglas T. Jenkins, Chancellor

_____

### No. E2017-01419-COA-R3-CV
_____

The issue on appeal is whether the commencement of a dependency and neglect action in the juvenile court deprived the chancery court of subject matter jurisdiction to rule on a pending motion to modify a parenting plan. Shortly after Father filed his petition to modify the parenting plan in the chancery court, the Department of Children's Services filed a dependency and neglect petition in the juvenile court. After the juvenile court held a preliminary hearing on the dependency and neglect petition and assumed jurisdiction, the chancery court modified the parents' child support obligations and awarded the father the federal income tax exemption for the child. Months later, the mother filed a motion to vacate the chancery court's judgment on the basis it was void *ab initio* for lack of subject matter jurisdiction. The chancery court denied the motion, and this appeal followed. Tenn. Code Ann. § 37-1-103 vests juvenile courts with exclusive original jurisdiction over dependency and neglect proceedings and, once a juvenile court has exercised jurisdiction in a dependency and neglect proceeding, its exclusive jurisdiction continues until the case has been dismissed, the custody determination is transferred to another court exercising domestic relations jurisdiction, or a petition for adoption is filed. Because none of the jurisdiction exceptions had occurred prior to the chancery court modifying the parenting plan, the chancery court's order was void *ab initio* for lack of subject matter jurisdiction. Accordingly, the chancery court's order modifying the parenting plan is hereby vacated.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which CHARLES D. SUSANO JR. and JOHN W. MCCLARTY, JJ., joined.

Betsy G. Stibler, Morristown, Tennessee, for the appellant, Danielle Smith Hance.

Matthew B. Evans, Morristown, Tennessee and F. Clinton Little, Knoxville, Tennessee, for the appellee, Matthew Brock Hance.

# OPINION

Matthew Brock Hance ("Father") and Danielle Smith Hance ("Mother") divorced in August 2016 in the Hamblen County Chancery Court. The final decree of divorce incorporated a permanent parenting plan, which designated Father as the primary residential parent of their minor child, granted Mother parenting time equal to that of Father, provided for joint decision-making, and allowed each parent to claim the child on his or her federal income tax return in alternating years.

On December 1, 2016, Father filed a petition in the Chancery Court for Hamblen County to modify the permanent parenting plan, alleging that there had been a material change in circumstances that warranted a suspension of Mother's visitation, designation of Father as the sole decision-maker, and permitting Father to claim the child on his federal income tax every year.

On the same day, the Department of Children's Services ("DCS") filed a dependency and neglect petition in the Juvenile Court of Hamblen County to have Mother's parenting time suspended or supervised. On December 14, the juvenile court held a preliminary hearing, assumed jurisdiction over the dependency and neglect action, and ordered that Mother have nine hours of supervised parenting time per week.

Five days after the juvenile court assumed jurisdiction over the dependency and neglect action, the chancery court held a hearing on Father's Petition to Modify the Permanent Parenting Plan and issued an order, stating in pertinent part:

> As a result of the Juvenile Court's Orders [reducing Mother's parenting time] Father shall claim the minor child…on the Federal Income Tax Exemption every year beginning 2016 until such time as this Court orders otherwise.
>
> Mother shall pay Father child support in the amount of $256.00 per month, in accordance with the child support guidelines (child support worksheets attached), beginning January 1, 2017.
>
> All other matters are reserved, until such further Orders of the Court.

Six months later, on June 2, 2017, Mother filed a motion in the chancery court to vacate its order modifying the parenting plan on the ground the juvenile court had exclusive jurisdiction over the parties' child when the order was entered. For this reason, Mother contended the chancery court's order was void *ab initio* for lack of subject matter jurisdiction. The chancery court denied Mother's motion and ordered:

That the Chancery Court shall exercise no further jurisdiction over this case until the Juvenile Court of Hamblen County transfers the matter to this Court or the minor child attains the age of 18 (eighteen).

That the Modification of child support and Federal Income Tax Exemption entered by this Court upon Petitioner/Father's Petition to Modify Permanent Parenting Plan on December 19, 2016 are not vacated.

That any Juvenile Court Orders after the Chancery Court Order of December 19, 2016 supersede the Chancery Court's Order.

Mother then filed a timely appeal.

## ANALYSIS

Mother contends the sole issue on appeal is whether the chancery court's order modifying the parenting plan is void for lack of subject matter jurisdiction. Father, however, contends we cannot consider this issue because Mother did not timely appeal the December 19, 2016 chancery court order modifying the parenting plan. We will address Father's issue first.

We find Father's contention unavailing because a party may challenge a court's subject matter jurisdiction at any time. *Turner v. Turner*, 473 S.W.3d 257, 270 (Tenn. 2015). More specifically, a court's subject matter jurisdiction "may be challenged at any time and may be raised by a court on its own motion, even if the parties have not raised the issue," and even after the judgment becomes final. *Id.* When a court is without subject matter jurisdiction to hear a case, its judgment is void. *Id.* Therefore, Mother's motion to vacate the December 19, 2016 order modifying the parenting plan is timely, and her appeal of that order is also timely.

Review of a trial court's subject matter jurisdiction is a question of law, which we review de novo. *Lovlace v. Copley*, 418 S.W.3d 1, 16 (Tenn. 2013). "Subject matter jurisdiction refers to the power of a court to adjudicate the particular category or type of case brought before it." *Turner*, 473 S.W.3d at 269. Article 6, Section 1 of the Tennessee Constitution grants the General Assembly the power to set the limits of each court's jurisdiction.[1] Accordingly, a court's power to adjudicate a case is defined solely by constitutional and statutory provisions. *Turner*, 473 S.W.3d at 270.

---

[1] Article 6, Section 1 provides in pertinent part: "The judicial power of this state shall be vested in one Supreme Court and in such Circuit, Chancery, and other Inferior Courts as the Legislature shall from time to time, ordain and establish; in the judges thereof, and in justices of the peace."

Tenn. Code Ann. § 37-1-103 vests juvenile courts with exclusive original jurisdiction over dependency and neglect proceedings. It provides that once a juvenile court has exercised jurisdiction in a dependency and neglect proceeding, its jurisdiction

> shall continue until the case has been dismissed, or until the custody determination is transferred to another juvenile, circuit, chancery or general sessions court exercising domestic relations jurisdiction, or until a petition for adoption is filed regarding the child in question as set out in § 36-1-116(f). A juvenile court shall retain jurisdiction to the extent needed to complete any reviews or permanency hearings for children in foster care as may be mandated by federal or state law. This subsection (c) does not establish concurrent jurisdiction for any other court to hear juvenile cases, but permits courts exercising domestic relations jurisdiction to make custody determinations in accordance with this part.

Tenn. Code Ann. § 37-1-103(c).

> As the Tennessee Supreme Court has succinctly stated:

> [W]hen a juvenile court acquires jurisdiction from a dependency and neglect proceeding, its exclusive original jurisdiction continues until one of the following events occur:

> > (1) the case is dismissed
> > (2) the custody determination is transferred to another court
> > (3) a petition for adoption is filed; or
> > (4) the child reaches the age of eighteen.

*In re D.Y.H.*, 226 S.W.3d 327, 330 (Tenn. 2007).

On December 1, 2016, Father filed a Petition to Modify the Permanent Parenting Plan in the Chancery Court for Hamblen County. That same day, DCS filed a dependency and neglect petition against Mother in the Juvenile Court of Hamblen County, and the juvenile court held a preliminary hearing on December 14, at which time it assumed exclusive jurisdiction over the dependency and neglect action. Five days later, on December 19, the chancery court entered an order modifying the parties' parenting plan as to the child support award and the federal income tax exemption.

It is undisputed that none of the four events listed in Tenn. Code Ann. § 37-1-103(c) had occurred prior to the modification of the parenting plan by the chancery court; accordingly, the juvenile court retained exclusive jurisdiction over the dependency and neglect action. Moreover, child support determinations are a component of dependency and neglect proceedings pursuant to Tenn. Code Ann. § 37-1-151, which provides:

> In any case in which the court shall find a child dependent and neglected ... it may in the same or subsequent proceeding, upon the parents of such child or either of them being duly summoned or voluntarily appearing, proceed to inquire into the ability of such parent to support the child or contribute to the child's support, and if the court shall find such parent or parents able to support the child or contribute thereto, the court may enter such order or decree ....

Additionally, because "courts should consider tax consequences in their child support orders," *Barabas v. Rogers*, 868 S.W.2d 283, 289 (Tenn. Ct. App. 1993), tax exemptions for minor children are "an inevitable element of child custody decisions." *Byrd v. Buhl*, No. M2001-00070-COA-R3-CV, 2001 WL 1216988, at \*4 (Tenn. Ct. App. Oct. 12, 2001).

Therefore, when the juvenile court assumed jurisdiction over the dependency and neglect action involving the parties' minor child, the chancery court's jurisdiction over all custody matters concerning that child was suspended until one of the four events listed in Tenn. Code Ann. § 37-1-103(c) occurred. *See Marmino v. Marmino*, 238 S.W.2d 105, 108 (Tenn. Ct. App. 1950); *see also State of Tenn. Dep't of Human Servs. v. Gouvista*, 735 S.W.2d 452, 457 (Tenn. Ct. App. 1987). Because none of the four events occurred, the chancery court did not have subject matter jurisdiction to adjudicate the petition to modify the parenting plan and, specifically, to modify child support or to allocate the tax exemption.

For the reasons stated above, the chancery court's December 19, 2016 order modifying the parties' parenting plan is hereby vacated.

## IN CONCLUSION

The judgment of the chancery court is vacated, and this matter is remanded with instructions to enter judgment consistent with this opinion. Costs of appeal are assessed against the appellee, Matthew Brock Hance.

_____
FRANK G. CLEMENT JR., P.J., M.S.