IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 3, 2022 Session

## IN RE KENDALL R. ET AL.

**Appeal from the Circuit Court for Williamson County**
**No. 2017-268        Joseph A. Woodruff, Judge**

_____

### No. M2020-01226-COA-R3-JV

_____

Father appeals from the Williamson County Circuit Court's order suspending his parenting time with his minor children. The Circuit Court had tried the matter de novo following an appeal by Father from prior proceedings in the Williamson County Juvenile Court. Based upon our review of the record, we conclude that Father failed to timely perfect his appeal to the Circuit Court from the Juvenile Court's order. Therefore, we conclude that the Circuit Court did not have subject matter jurisdiction to hear the appeal, and we vacate its order and dismiss the case.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated and Dismissed.**

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and W. NEAL MCBRAYER, J., joined.

Rebecca Byrd, Franklin, Tennessee, for the appellant, Kristopher J. R.

Jodi Melind and Demeka Kay Church, Franklin, Tennessee, for the appellees, Greg E. and Alice E.

## OPINION

### BACKGROUND AND PROCEDURAL HISTORY

The present case arises out of lengthy and rather contentious litigation that was originally initiated in the Williamson County Juvenile Court ("Juvenile Court") as a dependency and neglect proceeding. Because we have determined as a preliminary matter that the trial court lacked subject matter jurisdiction to hear the appeal of the order of the Juvenile Court, we will not give an exhaustive account of the rather voluminous record in this case. Rather, we will focus on the facts pertinent to our analysis and ultimate

disposition.

Kristopher J. R. ("Father") has two minor children born of his marriage with Candice M. R. ("Mother"), Kendall R. and Karissa R. (collectively "Children").[1] On June 2, 2016, Alice E. and Greg E. (hereinafter collectively referred to as "Grandparents") filed a "Petition to Adjudicate Dependency and Neglect and for Emergency Restraining Order" (hereinafter referred to as "Petition") in the Juvenile Court. Ultimately, the disposition stemming from this Petition resulted in an appeal to the Williamson County Circuit Court ("Circuit Court"). The Circuit Court thereafter entered an "Agreed Final Order of Adjudication and Disposition" on May 4, 2018. In this order, the parties agreed to a stipulation that, by clear and convincing evidence, the Children were dependent and neglected as defined by Tennessee Code Annotated section 37-1-102(B)(13) and that it was in the best interest of the Children, for the time being, to remain in the physical and legal custody of Grandparents. Additionally, the Circuit Court remanded the case to the Juvenile Court pursuant to Tennessee Code Annotated section 37-1-159 for enforcement of the order.

On April 9, 2019, Grandparents filed a "Petition to Modify Parenting Time" (hereinafter referred to as "Modification Petition") in the case in the Juvenile Court, contending that they had concerns regarding the Children's out-of-state visitation with Mother and Father in Nevada and that it was in the Children's best interest that Mother's and Father's parenting time be reduced. On July 30, 2019, a hearing[2] was held before a Juvenile Court magistrate on Grandparents' Modification Petition. The magistrate subsequently issued a "Temporary Order" restricting Father's parenting time and ordering Grandparents to make an appointment with Tracey Steyer, a family therapist, for counseling that could help them and Father build a relationship as it pertained to the Children and visitation. On October 4, 2019, the Juvenile Court magistrate issued a "Final Order" as to Grandparents' Modification Petition, wherein he found that a material change of circumstances had in fact occurred. As a result of his finding, the magistrate suspended Mother's and Father's visitation with the Children in both Nevada and Tennessee, among other things. No party filed a timely request for a rehearing with the Juvenile Court Judge from the magistrate's order.

On November 26, 2019, Father filed a "Notice of Appeal" to the Circuit Court. The case came before the Circuit Court for a de novo trial on July 13 and July 14, 2020. In its ensuing July 14, 2020 order, the Circuit Court found by clear and convincing evidence that there had been a material change of circumstances, noting that the Children had made disclosures to their therapist that they had witnessed acts of domestic violence between Mother and Father, were afraid to be in the unsupervised temporary custody of Mother and

---

[1] In certain types of cases involving minor children, we present certain names by their initials in order to protect the identities of the children.
[2] Mother was not present in the Juvenile Court for this hearing.

Father, and had "resorted to seeking out a place of safety within Mother and Father's home." In addition to finding that a material change in circumstances had occurred, the Circuit Court determined that there was clear and convincing evidence to support certain modifications to Father's parenting time. Subsequent to this order, on August 11, 2020, the Circuit Court entered an additional order titled "Memorandum and Order" to "make additional findings of fact in accordance with Rule 52.01 of the Tennessee Rules of Civil Procedure," to rule on Grandparents' request for attorney's fees, and to constitute a final appealable judgment. This "Memorandum and Order" largely restated the findings from the court's prior order. Father thereafter filed a "Notice of Appeal" to this Court on September 10, 2020, from the Circuit Court's August 11, 2020 order.

**ISSUES PRESENTED**

Father raises a single issue on appeal for our review, as follows:

1. Whether the trial court erred in suspending Father's parenting time.

Grandparents raise two additional issues for our review, restated as follows:

1. Whether Father's appeal to the Circuit Court was timely.
2. Whether Grandparents are entitled to attorney's fees.

**DISCUSSION**

*Whether Father Timely Appealed to the Circuit Court*

Grandparents raise a threshold issue concerning the propriety of Father's appeal of the Juvenile Court's initial order of October 4, 2019, to the Circuit Court, arguing that it was untimely. As discussed herein, we agree with Grandparents that Father's appeal to Circuit Court was untimely. Accordingly, we conclude that the Circuit Court did not have subject matter jurisdiction to hear Father's appeal.

Rule 101 of the Juvenile Rules of Practice and Procedure provides that these rules are to "apply to delinquent, unruly, and **dependency and neglect proceedings**." Tenn. R. Juv. P. 101(b) (emphasis added). The Juvenile Court has "exclusive original jurisdiction" over dependency and neglect proceedings. *See also* Tenn. Code Ann. § 37-1-103(a)(1) (noting the same). Moreover, section 37-1-103(c) states that the Juvenile Court *continues* with this exclusive and continuing jurisdiction over dependency and neglect proceedings *unless* one of the following events occur:

1. The case is dismissed;
2. The custody determination is transferred to another court;
3. A petition for adoption has been filed.

Tenn. Code Ann. § 37-1-103(c); *In re Brian G.*, No. M2017-01586-COA-R3-JV, 2018 WL 4181474, at *2 (Tenn. Ct. App. Aug. 30, 2018) (citing Tenn. Code Ann. § 37-1-103(c)); *see also In re Ryat M.*, M2020-00156-COA-R3-JV, 2021 WL 4432729, at *2 (Tenn. Ct. App. Sept. 27, 2021) (also noting that a juvenile court has exclusive and continuing jurisdiction over a dependency and neglect proceeding absent one of the enumerated aforementioned events in section 37-1-103(c)). Here, the Juvenile Court obtained exclusive and continuing jurisdiction over this matter as a dependency and neglect proceeding when Grandparents filed their initial Petition. Accordingly, the Juvenile Court was to retain its jurisdiction unless one of the events enumerated in section 37-1-103(c) occurred.

In *In re D.Y.H.*, 226 S.W.3d 327, 331 (Tenn. 2007), the Supreme Court noted that "a subsequent decision by the juvenile court on whether to modify an initial custody order **will also arise and be a part of the dependency and neglect proceeding**," unless, of course, an "interrupting event" contemplated in section 37-1-103(c) occurs. (emphasis added). "This is true even if a petition for a change of custody does not reference the dependency and neglect hearing and even if it is filed years after the final order is entered." *Id*. By way of illustration, in *In re D.Y.H.*, three years after a final order concerning a dependency and neglect matter, a mother filed a petition in the juvenile court for a change in custody. *Id.* at 329. On appeal to the Supreme Court, it was determined that it was of no consequence that mother's petition for a change in custody occurred over three years after the final order in the initial dependency and neglect matter. *Id.* at 329-30. Rather, the Supreme Court found that, because no "interrupting event" pursuant to section 37-1-103(c) had occurred, the case was still considered to "arise from and be a part of the dependency and neglect proceeding." *Id.* at 331. Therefore, mother's appeal to circuit court was to be made pursuant to Tennessee Code Annotated section 37-1-159(a), *id*. at 331-32, which, as we will discuss in more detail later in this Opinion, provides for the specific time period in which a party must appeal from a dependency and neglect proceeding from a juvenile court.

As we perceive it, in this case, there was never an "interrupting event" as contemplated in section 37-1-103(c) which divested the Juvenile Court of its original jurisdiction.[3] Specifically, we conclude that the Circuit Court's May 4, 2018 order was not one that concluded the case, but rather, it set forth certain stipulations and orders concerning the parties and was *remanded* to the Juvenile Court for enforcement. We hardly

---

[3] In his brief on appeal, Father asserts that the Circuit Court's May 4, 2018 order concluded "all pending matters" as it related to Grandparents' dependency and neglect proceeding and, from that point forward, the parties were proceeding under the statutes and rules concerning custody and modification of parenting time wherein the Tennessee Rules of Civil Procedure applied. Notably, Father provides minimal support for this position other than a general contention that this case was tried as a custody matter. Respectfully, we find Father's argument to be in direct conflict with both the Juvenile Rules of Practice and Procedure and the previous holdings of this Court and the Supreme Court as stated herein.

- 4 -

find this to be equivalent to a dismissal pursuant to Tennessee Code Annotated section 37-1-103(c) which would divest the Juvenile Court of its exclusive and continuing jurisdiction. Accordingly, because there was never an interrupting event divesting the Juvenile Court of its continuing jurisdiction, Grandparents' Modification Petition arose out of and was part of the initial dependency and neglect proceeding, in the same manner as the Supreme Court discussed in *In re D.Y.H.* Therefore, as the case originated as a dependency and neglect proceeding, and there is no "interrupting event" as contemplated in section 37-1-103(c), any appeal from the Juvenile Court's October 4, 2019 order to the Circuit Court was to be perfected pursuant to section 37-1-159(a). *See id.* (citing Tenn. Code Ann. § 37-1-159(a)).

Based on the record before us, Father's appeal from the Juvenile Court's order was untimely. Section 37-1-159(a) provides that "[a]ny appeal from any final order or judgment" in a dependency and neglect proceeding, may be made to the circuit court and be perfected **within ten days** following the entry of the juvenile court's order. Tenn. Code Ann. § 37-1-159(a).[4] Here, the Juvenile Court magistrate entered his order on October 4, 2019. Therefore, pursuant to section 37-1-107, if no request for a rehearing before a judge was filed within ten days, the magistrate's order became a final order of the Juvenile Court on October 14, 2020. Accordingly, the parties then had ten days from that date in which to file their appeal with the Circuit Court pursuant to section 37-1-159. Father did not file his appeal to the Circuit Court until November 26, 2019. This appeal was, therefore, not timely filed as required by section 37-1-159(a), and as a result, the Circuit Court did not have subject matter jurisdiction over Father's appeal. Accordingly, the Circuit Court's order must be vacated. *See In re Ryat M.*, 2021 WL 4432729, at *1, 7 (also vacating a circuit court's order concerning a dependency and neglect proceeding because it lacked subject matter jurisdiction). Because we conclude that the Circuit Court did not have subject matter jurisdiction over Father's appeal, we pretermit Father's issues on appeal concerning the propriety of the Circuit Court's substantive rulings.

---

[4] Of note, section 37-1-159(a) also states, regarding time for appeal, that "[i]f a hearing before a judge of a matter heard by a magistrate is not requested or provided pursuant to § 37-1-107, the date of the expiration of the time within which to request the hearing shall be the date of disposition for appeal purposes, and the parties and their attorneys shall be so notified by the magistrate. If there is a rehearing by the judge, the appeal period shall commence the day after the order of disposition is entered." Tenn. Code Ann. § 37-1-159(a). Here, the Juvenile Court magistrate's order was entered on **October 4, 2019**. Pursuant to Tennessee Code Annotated section 37-1-107, "[a]ny party may, within ten (10) days after entry of the magistrate's order, file a request with the court for a de novo hearing by the judge of the juvenile court." However, "[i]f no hearing before the judge is requested, or if the right to the hearing is expressly waived by all parties within the specified time period, the magistrate's order becomes the order of the court. A party may appeal the order pursuant to § 37-1-159." Tenn. Code Ann. § 37-1-107(e). Therefore, if no such hearing is requested, the time for appeal to the Circuit Court from the Juvenile Court's order would begin running on the date on which the time to request a rehearing in the Juvenile Court expired. Parties would then have ten days from this date in which to perfect their appeal.

*Whether Grandparents are Entitled to Attorney's Fees*

Grandparents also request attorney's fees on appeal on two separate bases. First, they contend that they are entitled to attorney's fees pursuant to Tennessee Code Annotated section 36-5-103(c), which provides that:

> A prevailing party may recover reasonable attorney's fees, which may be fixed and allowed in the court's discretion, from the nonprevailing party in any criminal or civil contempt action or other proceeding to enforce, alter, change, or modify any decree of alimony, child support, or provision of a permanent parenting plan order, or in any suit or action concerning the adjudication of the custody or change of custody of any children, both upon the original divorce hearing and at any subsequent hearing.

Tenn. Code Ann. § 36-5-103(c).

Grandparents also request attorney's fees pursuant to Tennessee Code Annotated section 27-1-122, which provides that:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122. Exercising our discretion, we decline to award any attorney's fees in this appeal. *See Eberbach v. Eberbach*, 535 S.W.3d 467, 477 (Tenn. 2017) ("[W]hen appellate attorney's fees are requested pursuant to statues like section 27-1-122 and section 36-5-103(c), which will expressly permit the court to exercise its discretion, the Court of Appeals should analyze such request by exercising its discretion to determine whether an award to the prevailing party is appropriate.").

## CONCLUSION

Based on the foregoing, the judgment of the Circuit Court is vacated and dismissed for lack of subject matter jurisdiction.

s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE
