FILED

03/20/2017

Clerk of the
Appellate Courts



IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Brief March 1, 2017

## IN RE CONNER C., ET AL.

**Appeal from the Circuit Court for Franklin County**
**No. 2016-CV-36     Justin C. Angel, Judge**

_____

### No. M2016-01669-COA-R3-JV

_____

Mother appeals the circuit court's dismissal of her de novo appeal of the juvenile court's dependency and neglect order. We agree with the circuit court that the juvenile court's adjudicatory order was not a final order subject to appeal to the circuit court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., and KENNY W. ARMSTRONG, JJ., joined.

Glen A. Isbell, Winchester, Tennessee, for the appellant, Rachel M.C.

Robert F. Davis, Winchester, Tennessee, for the appellees, Jodi M.E. and Jerry W.C.

### OPINION

#### FACTUAL AND PROCEDURAL BACKGROUND

Rachel M.C. ("Mother") and Jerry W.C. ("Father") are the biological parents of Conner J.C., Elanina M.C., and Mary E.C.[1] On November 10, 2015, Jodi M.E., Father's girlfriend, filed a petition for emergency temporary custody in juvenile court against Mother and Father regarding their three minor children. In the petition, Jodi M.E. alleged as follows:

> The children are neglected and dependent by their mother. I am filing for emergency custody of the children due to the father being shot in the chest at child swap by the mother's husband. We fear the mother will attempt to

---

[1] This court has a policy of protecting the identity of children in dependency and neglect cases by initializing the last names of the parties.

take the children to her residence in Shelbyville where the children would
be around their step-father that shot their father in front of them.

On November 11, 2015, the juvenile court entered an order granting temporary custody to Jodi M.E. and set a hearing for November 18, 2015.

After the preliminary hearing on November 18, the juvenile court entered an order on November 25, finding that there was "probable cause of dependency and neglect against the mother." The court placed temporary custody with Jodi M.E. and granted Mother visitation every other Saturday supervised by the maternal grandmother.[2] The court also appointed a guardian ad litem and set the case for an adjudicatory hearing on December 16, 2015.

On December 16, the parties agreed to continue the case and reset the adjudicatory hearing for February 10, 2016. The parties further agreed that temporary custody remain with Jodi M.E., that the maternal grandmother be granted the parenting time allotted to Mother in the parenting plan (entered by the juvenile court prior to the dependency and neglect petition), and that Mother have 24-hour supervised visitation during the maternal grandmother's weekend visitation.

A hearing was held on February 10, 2016.[3] The juvenile court found that Jodi M.E. and Father had met their burden of proof against Mother by clear and convincing evidence of dependency and neglect of the three minor children. The court awarded temporary custody to Father and Jodi M.E. and awarded the maternal grandmother visitation on the weekends allocated to Mother in the parenting plan. Mother was given supervised visitation of one 24-hour period each weekend when the maternal grandmother had the children. The court further ordered:

> 4. . . . [M]aternal grandmother shall not allow[ ] smoking at her residence in
> the children's presence. She shall follow the doctor's recommendations
> regarding dust mite covers for the children's pillows and mattresses,
> weekly washing their bedding in hot water, and weekly changing their
> mattress pads.
> 5. There shall be no discussion of the case with the children.
> 6. There shall be no contact with the minor children by [Mother's
> husband].

---

[2] On November 24, 2015, the maternal grandmother filed a petition to intervene and for temporary custody.

[3] The record contains no transcript or statement of the evidence of this hearing or any other hearing in this case.

7.  The oldest child, Mary [E.C.], shall receive individual counseling and follow the recommendations thereof.  The parents shall attend and complete family counseling and follow the recommendations thereof.

8.  This matter shall be reviewed by the Court on April 13, 2016 at 8:00 a.m.

Mother appealed this order to the circuit court for a de novo review.  The circuit court held a de novo hearing on May 3, 2016.  On June 6, 2016, the circuit court entered an order in which it made the following findings:

The Court makes a specific finding of fact that there is not a Final Order from the Juvenile Court of Franklin County, Tennessee.  Appearing to the Court, that an Appeal from Juvenile Court is only proper regarding a Final Order.  It further

Appearing unto the Court that the Juvenile Court has set a review for the case and this De Novo Appeal is not ripe at [its] present time.  It is therefore,

ORDERED ADJUDGED and DECREED that the Appeal from the Juvenile Court of Franklin County, Tennessee is hereby dismissed.

Mother filed a motion to alter or amend the circuit court's order, which the court denied on August 2, 2016.

On appeal, Mother argues that the circuit court erred in dismissing her de novo appeal of the juvenile court order.

ANALYSIS

The basis for the circuit court's dismissal of Mother's appeal was its conclusion that there was no final order from the juvenile court.  Dependency and neglect proceedings, over which juvenile courts have exclusive original jurisdiction, are conducted in two phases:  the adjudicatory hearing and the dispositional hearing.  Tenn. Code Ann. §§ 37-1-103(a)(1), 37-1-129(b); *In re Hannah S.*, 324 S.W.3d 520, 525 (Tenn. Ct. App. 2010).  At the adjudicatory hearing, the court determines if clear and convincing evidence establishes that the child is dependent and neglected.  Tenn. Code Ann. § 37-1-129(b); TENN. R. JUV. P. 307(a), (e).  At the dispositional hearing, the court determines the custody arrangement "best suited to the protection and physical, mental and moral welfare of the child."  Tenn. Code Ann. § 37-1-130(a).  The dispositional hearing is "separate and distinct from the adjudicatory hearing to which it relates."  TENN. R. JUV. P. 308(b).  It may, however, "be held immediately following the adjudicatory hearing or at a later date."  *Id.*  An appeal from a juvenile court's dependency and neglect determination, which is a de novo appeal, shall be made to the circuit court within ten

days following the entry of the juvenile court's dispositional order. Tenn. Code Ann. § 37-1-159(a).

The juvenile court's order in this case is entitled "Adjudicatory Hearing Order." After finding the children to be dependent and neglected, the court included provisions for temporary custody (an option listed in Tenn. Code Ann. § 37-1-130(a)(2) for dispositional orders), parenting time with the maternal grandmother, supervised visitation with Mother, conditions on the grandmother's parenting time, and counseling for the oldest child and both parents. Rule 308(d) of the Rules of Juvenile Procedure states that, "Where a continuance of the dispositional hearing is ordered, the court may enter a temporary order that is in the best interest of the child." Thus, the custody provisions the juvenile court included in its "adjudicatory" order can be interpreted as temporary or as dispositional.

The reason the circuit court gave for finding that the juvenile court's order was not final is the juvenile court's setting of the case for review on April 13, 2016. Mother argues that this review hearing is consistent with the juvenile court's jurisdiction under Tenn. Code Ann. § 37-1-103(c), which states, in pertinent part:

> Except as provided in subsection (d), when jurisdiction has been acquired under this part, such jurisdiction shall continue until the case has been dismissed, or until the custody determination is transferred to another juvenile, circuit, chancery or general sessions court exercising domestic relations jurisdiction, or until a petition for adoption is filed regarding the child in question as set out in § 36-1-116(f). *A juvenile court shall retain jurisdiction to the extent needed to complete any reviews or permanency hearings for children in foster care as may be mandated by federal or state law.*

(Emphasis added). Mother relies upon the highlighted language to argue that, regardless of the de novo appeal, the juvenile court retained jurisdiction to hold continuing review hearings in this case. We disagree. The sentence cited by Mother is limited to "reviews or permanency hearings *for children in foster care* as mandated by federal or state law." (Emphasis added).

The limitation of these reviews to children in foster care is further clarified in Tenn. R. Juv. P. 402, which governs periodic progress reviews. Rule 402(a) states: "A periodic progress review hearing shall occur when the court has not established a foster care review board or has elected to review certain cases instead of assigning the cases to the board." TENN. R. JUV. P. 402(a). Thus, periodic progress review hearings are held in cases involving children in foster care. Rule 402(b), cited by Mother, states:

The court shall explain on the record the purpose of the hearing and review the following:

(1) The continued appropriateness of the permanency goals, and if a concurrent goal is needed;

(2) Whether the child's placement is safe and appropriate;

(3) Whether the child's well-being is being appropriately addressed through health, education, and independent living skills if applicable;

(4) Whether the visitation schedule continues to be sufficient to maintain the bond between the child and parent, and the child and siblings, who are not residing in the same placement;

(5) The reasonableness of the Department of Children's Services' efforts to identify or locate the parent or child whose identity or whereabouts are unknown;

(6) The reasonableness of the Department's efforts based on the prioritization of the outcomes and corresponding action steps in the statement of responsibilities; and

(7) The compliance of the parents or child with the statement of responsibilities in the plan.

TENN. R. JUV. P. 402(b). Again, these purposes apply to children in the custody of the Department of Children's Services, which is not the situation in the present case.

We reject Mother's assertion that the juvenile court had continuing jurisdiction to review this case under the authority of Tenn. Code Ann. § 37-1-103(c) and Tenn. R. Juv. P. 402(b).[4] The juvenile court's setting of an additional hearing, therefore, suggests that the matter was not final and that the court intended to make additional rulings concerning the disposition at the later hearing.[5]

The circuit court made a de novo determination that the juvenile court's order was not a final order, citing the court's setting of the matter for review. An order that does not adjudicate all of the claims between all of the parties is "subject to revision at any time before entry of a final judgment" and is not appealable as of right. *See* TENN. R. APP. P. 3(a); s*ee also In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) ("A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'") (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). We find no error in the circuit court's conclusion.

---

[4] The juvenile court does, of course, retain jurisdiction under the first sentence of Tenn. Code Ann. § 37-1-103(c) to hear future petitions connected to its dependency and neglect jurisdiction. *See In re D.Y.H.*, 226 S.W.3d 327, 331 (Tenn. 2007).

[5] We emphasize that, had there been a dispositional hearing in this case, no further review hearing would have been proper.

CONCLUSION

The judgment of the trial court is affirmed, and the costs of appeal are assessed against the appellant, Rachel M.C.

_____
ANDY D. BENNETT, JUDGE