IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 3, 2018

IN RE: RAVYN R., ET AL.

Appeal from the Circuit Court for Greene County
No. 2016CV437     Alex E. Pearson, Judge

_____

No. E2017-01001-COA-R3-JV

_____

This is an appeal from an adjudicatory order of the circuit court in a dependency and
neglect appeal. Because the order appealed is not a final, appealable judgment, we
dismiss the appeal and remand for further proceedings.

Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed and Remanded

BRANDON O. GIBSON, J., delivered the opinion of the court, in which CHARLES D.
SUSANO, JR., and RICHARD H. DINKINS, JJ., joined.

Gerald T. Eidson, Rogersville, Tennessee, for the appellant, Naomi G.

Herbert H. Slatery III, Attorney General and Reporter and Brian A. Pierce, Assistant
Attorney General, Nashville, Tennessee, for the appellee, Tennessee Department of
Children's Services.

OPINION

I. FACTS & PROCEDURAL HISTORY

On August 12, 2015, the Tennessee Department of Children's Services filed a
petition to adjudicate three children dependent and neglected due to a referral alleging
physical abuse by their mother. Mother waived the preliminary hearing. After an
adjudicatory hearing on November 18, 2015, the juvenile court entered an order stating
that Mother had appeared before the magistrate at the hearing, with her attorney, and
"stipulated to dependency and neglect." According to the order, Mother made
arrangements for the children to reside with their grandmother. The order stated that the
children would remain in the temporary custody of Mother but that Mother was not to
remove the children from the grandmother. According to the order, Mother was subject
to a no contact order from general sessions court. The juvenile court's order provided

that the court would revisit the issue of supervised visitation if the general sessions court lifted the no contact order. After this order was confirmed by the juvenile court judge, it was filed with the juvenile court on December 31, 2015. The order set a review hearing for March 30, 2016.

After a review hearing, the juvenile court entered an order providing that Mother would be permitted visitation under certain conditions. On June 2, 2016, DCS filed a petition to transfer temporary legal custody of the children to another individual. The body of this petition also asked the juvenile court to find the children dependent and neglected. The juvenile court entered a protective custody order finding probable cause that the children were dependent and neglected and awarding temporary custody to the named individual, but it later set this order aside and ruled that temporary custody would be awarded to the grandmother. Mother was again granted visitation rights under certain conditions.

After another hearing on September 7, 2016, the juvenile court entered an order providing that the children would remain within the jurisdiction of the court and in the temporary custody of the grandmother, with Mother having visitation. However, the order stated that the children were thriving in their current placement and that the DCS family support services case would be closed. All court-appointed attorneys were relieved of their obligations in the case. The order stated that Mother had the right to re-petition the court to have the children returned to her or to appeal. This order was confirmed by the juvenile court judge and filed on October 6, 2016.

Mother filed a notice of appeal to circuit court seeking to challenge the juvenile court's "final Order of Custody." On appeal, the circuit court held a hearing on April 10, 2017. On April 25, 2017, the circuit court entered a memorandum opinion containing various factual findings regarding the children's circumstances based on the testimony. However, the only legal conclusion stated in the order was the following: "The Court finds by clear and convincing evidence that the three minor children covered by the petition are dependent and neglected within the meaning of the law." Mother filed an appeal to this Court on May 16, 2017.

## II. ISSUES PRESENTED

Mother raises one issue for review on appeal: whether the circuit court erred in finding that the children are dependent and neglected. In its posture as appellee, DCS argues that the circuit court erred in addressing the issue of adjudication for dependency and neglect because Mother did not appeal the juvenile court's December 31, 2015 order reciting Mother's stipulation that the children were dependent and neglected, and therefore, DCS contends, the adjudication became final. Alternatively, DCS argues that

the circuit court's order addressing only adjudication is not a final, appealable order, and therefore, this Court lacks jurisdiction over the appeal. We conclude that this latter argument is determinative and therefore dismiss the appeal for lack of jurisdiction without reaching the other issues.

## III. DISCUSSION

"Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990). A "final judgment" refers to a trial court "decision adjudicating all the claims, rights, and liabilities of the parties." *Discover Bank v. Morgan*, 363 S.W.3d 479, 488 n.17 (Tenn. 2012). A final judgment resolves all the issues and leaves "'nothing else for the trial court to do.'" *Id.* (quoting *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003)).

"Dependency and neglect proceedings are conducted in several phases." *In re Spencer P.*, No. M2009-00019-COA-R3-JV, 2010 WL 2160694, at *3 (Tenn. Ct. App. May 27, 2010). The first phase is a preliminary hearing, which allows the juvenile court to decide, based on a finding of probable cause, whether the child should be removed from the parent's custody pending an adjudicatory hearing. Tenn. Code Ann. § 37-1-117(b)(1); Tenn. R. Juv. Prac. & Proc. 302.[1] The next phase is the adjudicatory hearing to determine "whether the evidence supports a finding that the child is dependent and neglected." Tenn. Code Ann. § 37-1-129(b)(1); Tenn. R. Juv. Prac. & Proc. 307. If the court determines the child to be dependent and neglected, it then proceeds to determine the proper placement for the child in the dispositional phase of the proceeding. Tenn. Code Ann. § 37-1-130; Tenn. R. Juv. Prac. & Proc. 307(e)(1)(B), 308. The dispositional hearing "may be held immediately following the adjudicatory hearing," or the court may schedule a separate hearing for a later date. Tenn. R. Juv. Prac. & Proc. 308(b). "The purpose of dispositions in juvenile court actions is to design an appropriate order to meet the needs of the child and to achieve the objectives of the state in exercising jurisdiction." Tenn. R. Juv. Prac. & Proc. 308, Adv. Comm'n Cmt.

Once jurisdiction is acquired in a dependency and neglect proceeding, the juvenile court's jurisdiction "over the child continues until one of the following four events occurs: (1) the petition is dismissed, (2) the case is transferred, (3) an adoption petition is filed, or (4) the child reaches 18." *In re Lillian F.W.*, No. M2012-01450-COA-R3-CV, 2013 WL 5498111, at *5 (Tenn. Ct. App. Sept. 30, 2013) (citing *In re D.Y.H.*, 226 S.W.3d 327, 330 (Tenn. 2007)). A dispositional order may be modified, consistent with

---

[1]The Rules of Juvenile Procedure were revised and re-ordered in 2016, and they are now known and cited as the Rules of Juvenile Practice and Procedure. Tenn. R. Juv. Prac. & Proc. 101(a). For clarity, we have provided citations to the current rules.

the best interests of the child, on the ground that newly discovered evidence so requires. Tenn. R. Juv. Prac. & Proc. 310(a)(2). In addition, "An order of the court may be modified on the ground that, since the entry of the order, changed circumstances and the best interests of the child require it." Tenn. R. Juv. Prac. & Proc. 310(a)(3). A "request for modification of a custody arrangement that resulted from a finding of dependency and neglect does not require a redetermination of whether the child is dependent and neglected." *In re Hannah V.S.*, No. M2011-01557-COA-R3-CV, 2012 WL 6114984, at *2 (Tenn. Ct. App. Dec. 7, 2012).

Any "final order or judgment" in a dependency and neglect proceeding may be appealed to the circuit court for a *de novo* hearing. Tenn. Code Ann. § 37-1-159(a). Notably, the circuit court does not act as a reviewing court but instead conducts a *de novo* trial. *In re Jaiden A.*, No. E2016-02421-COA-R3-JV, 2017 WL 6026958, at *2 (Tenn. Ct. App. Dec. 5, 2017) (*no perm. app. filed*). A de novo trial is a new trial on both questions of fact and issues of law, conducted as if there had been no trial in the first instance. *In re Brooklyn S.*, No. M2017-00390-COA-R3-JV, 2017 WL 5185459, at *9 (Tenn. Ct. App. Nov. 8, 2017) (quoting *In re Tamera W.*, 515 S.W.3d 860, 870 (Tenn. Ct. App. 2016)). The circuit court conducts a new proceeding as though the matter was originally filed in circuit court. *Id.* However, "[i]t is not just a finding that a child is dependent and neglected that is appealable to circuit court." *In re Lillian F.W.*, 2013 WL 5498111, at *5. According to our supreme court,

> [A] subsequent decision by the juvenile court on whether to modify an initial custody order will also arise from and be a part of the dependency and neglect proceeding. This is true even if a petition for a change of custody does not reference the dependency and neglect hearing and even if it is filed years after the final order is entered. Accordingly, any appeal from such a custody decision is to be made to circuit court.

*In re D.Y.H.*, 226 S.W.3d at 331.

In *In re Hannah S.*, 324 S.W.3d 520 (Tenn. Ct. App. 2010), this Court examined the appropriate timeline for appealing a juvenile court's finding of dependency and neglect. The precise issue before the Court was whether a notice of appeal to circuit court filed within ten days of an order from the dispositional hearing, but more than ten days after entry of the order from the adjudicatory hearing, constituted a timely appeal of the adjudicatory hearing order. *Id.* at 521-22. We concluded that it was. We explained that "in order for [the appellant] to appeal the order entered on the adjudicatory hearing, she needed to file her notice of appeal within ten (10) days of entry of the order on the dispositional hearing." *Id.* at 527. Because the appellant did file her notice of appeal within the latter ten-day period, "her appeal was timely with respect to both the

adjudicatory and dispositional hearing orders." *Id.* The Court rejected the notion that two notices of appeal would be necessary to challenge both the adjudicatory order and the dispositional order. We said it would be "impractical and, at best, confusing to have separate appeals from two hearings" involving such closely related issues. *Id.* "In short," we said, "it only makes sense to appeal all of the issues together." *Id.* "While there are two phases in a dependency and neglect proceeding, it is still only one proceeding." *Id.*

Additionally, in *In re Conner C.*, No. M2016-01669-COA-R3-JV, 2017 WL 1049669, at *2-4 (Tenn. Ct. App. Mar. 20, 2017), we concluded that a circuit court properly dismissed a dependency and neglect appeal from juvenile court for lack of a final order where the juvenile court had entered an adjudicatory order but intended to make additional rulings concerning the disposition at a later hearing. We said the juvenile court's adjudicatory order was not a final order subject to appeal. *Id.* at *1.

The proceeding of which Mother seeks review occurred during a *de novo* appeal to circuit court rather than in juvenile court, but the same general principles apply. The circuit court only found that the children "are dependent and neglected within the meaning of the law." Regardless of whether the circuit court should have reached that issue in the first place, or confined its review to the dispositional issue as DCS suggests, it is clear that the circuit court did not reach the dispositional phase of the proceeding or make any determination regarding the proper placement for the children. Consequently, we conclude that the order appealed is not a final, appealable judgment.

## IV. CONCLUSION

For the aforementioned reasons, this appeal is dismissed for lack of jurisdiction. Costs of this appeal are taxed to the appellant, Naomi G. Because Naomi G. is proceeding *in forma pauperis* in this appeal, execution may issue for costs if necessary.

_____
BRANDON O. GIBSON, JUDGE